[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 82.]

THE STATE EX REL. SWINGLE, APPELLANT, *v.* ZALESKI, CLERK, APPELLEE.

[Cite as *State ex rel. Swingle v. Zaleski*, 2001-Ohio-288.]

*Court of appeals' dismissal of complaints for writs of mandamus and habeas corpus affirmed.*

(No. 00-1781—Submitted January 31, 2001—Decided February 28, 2001.)

APPEAL from the Court of Appeals for Summit County, No. 20168.

———————————

*Per Curiam.*

{¶ 1} In 1995, appellant, Daniel Swingle, pleaded guilty to and was convicted of felonious sexual penetration and gross sexual imposition and was sentenced in 1996 to an aggregate prison term of six to twenty-five years.

{¶ 2} In July 2000, Swingle filed a complaint in the Court of Appeals for Summit County. Swingle requested a writ of mandamus to compel appellee, Summit County Clerk of Courts Diana Zaleski, to file certain pleadings, which he claimed she had refused to file. Swingle also sought a writ of habeas corpus to compel his immediate release from prison. Zaleski filed a motion to dismiss Swingle's complaint because Swingle failed to comply with the R.C. 2969.25(A) filing requirements for inmates concerning civil actions or appeals against government entities or employees. Zaleski further contended that some of Swingle's pleadings had in fact been filed and that he had failed to comply with the habeas corpus requirements of R.C. 2725.04.

{¶ 3} In September 2000, the court of appeals dismissed the complaint because Swingle failed to comply with R.C. 2969.25(A).

{¶ 4} In this cause now before the court upon an appeal as of right, Swingle asserts that the court of appeals erred in dismissing his complaint for writs of

mandamus and habeas corpus. For the following reasons, Swingle's assertions are meritless.

**{¶ 5}** Contrary to Swingle's contentions, the filing requirements of Sub.H.B. No. 455, which includes R.C. 2969.25(A), are not *ex post facto* legislation. These requirements became effective in 1996 and apply *prospectively* to actions commenced thereafter. See 146 Ohio Laws, Part III, 5128, 5133. They neither impair vested rights, affect accrued substantive rights, nor impose new or additional burdens, duties, obligations, or liabilities for past transactions. See, *e.g., State v. Hawkins* (1999), 87 Ohio St.3d 311, 313-314, 720 N.E.2d 521, 523-524. In addition, Swingle does not contend that R.C. 2969.25(A) is inapplicable to mandamus and habeas corpus actions. See *State ex rel. Jefferson v. Ohio Adult Parole Auth.* (1999), 86 Ohio St.3d 304, 305, 714 N.E.2d 926, 927.

**{¶ 6}** Further, a writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Taylor v. Leffler* (2000), 88 Ohio St.3d 178, 179, 724 N.E.2d 422, 423. Many of the pleadings mentioned by Swingle have already been filed by Zaleski.

**{¶ 7}** Finally, Swingle did not comply with the R.C. 2725.04 requirements for his habeas corpus claim, including that he attach a copy of his commitment papers. See *Hairston v. Seidner* (2000), 88 Ohio St.3d 57, 58, 723 N.E.2d 575, 576.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Daniel Swingle, pro se.*

———————————

1. We also deny Swingle's motion to supplement the record.

January Term, 2001

_____