**Steven Patrick FRANKLIN, Petitioner–Appellant,**

v.

**Margaret BAGLEY, Warden, Respondent–Appellee.**

No. 01–3272.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

*ORDER*

Steven Patrick Franklin, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a jury trial, Franklin was convicted in the Franklin County Court of Common Pleas on one count of rape, one count of felonious sexual penetration, and one count of gross sexual imposition. Franklin's convictions were affirmed on appeal.

After exhausting his available state court remedies, Franklin filed his petition for a writ of habeas corpus on February 25, 2000, raising the following grounds:

1. Whether the evidence was insufficient to support the petitioner's convictions.
2. Whether counsel was ineffective for failing to request a pretrial hearing pursuant to R.C. 2907.02(E), to determine whether the presence of desease [sic] qualified as an exception to the rape shield law.
3. Whether the defendant was denied his 6th Amendment right to confront witnesses against him due to the application of the rape shield law.
4. The petitioner was denied the effective assistance of both trial and appellate counsel due to trial counsel's failure to object to gender based peremptory challenges and appellate counsel's failure to raise the issue on appeal.
5. Whether petitioner is entitled to an evidentiary hearing.

The matter was referred to a magistrate judge who issued a report recommending that the habeas petition be dismissed for failure to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The district court adopted the magistrate judge's report and recommendation in an order filed February 20, 2001. The court also granted Franklin a certificate of appealability on the following issue:

Did the statute of limitations expire prior to the filing of the instant petition?

Upon review, we conclude that the district court properly dismissed Franklin's habeas petition as barred by the applicable statute of limitations. This court reviews a district court's disposition of a habeas corpus petition de novo. *See Harris v. Stovall,* 212 F.3d 940, 941 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). Because Franklin's habeas petition was filed after the Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996, the provisions of that act apply to this case. The AEDPA contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. *See* 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The AEDPA became effective on April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period would be tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2); *see also Hoggro v. Boone,* 150 F.3d 1223, 1226–27 (10th Cir.1998).

In his appellate brief, Franklin concedes that his habeas petition is time-barred. Franklin, nevertheless, argues that the statute of limitations should be equitably tolled because he was proceeding pro se, attempting to exhaust all of his state court remedies before he filed his federal habeas corpus action and because he is actually innocent. The standard to be applied to

determine whether equitable tolling of a limitations period is appropriate is this court's five part test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). *See Dunlap v. United States*, 250 F.3d 1001, 1008–09 (6th Cir.2001). The court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008 (citing *Andrews*, 851 F.2d at 150). The district court was without the benefit of *Dunlap* when it issued its decision. Nevertheless, considering these factors, we conclude that Franklin has failed to meet his burden of proof.

Finally, Franklin appears to assert that during the time his habeas petition has been pending in federal courts, the state courts have reopened his original conviction for purposes of attaching new legal consequences to his case. This claim was not raised in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993). No such exceptional circumstances are present in this case.

Thus, while the doctrine of equitable tolling may be invoked to toll the one-year limitations period applicable to § 2254 habeas petition, Franklin has failed to demonstrate that this case presents circumstances for applying the doctrine.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.