Daniel A. SWINGLE, Petitioner,

v.

Christine MONEY, Warden, Respondent.

CASE NO. 4:01–CV–1465.

United States District Court, N.D. Ohio, Eastern Division.

Aug. 13, 2002.

Daniel A. Swingle, Marion, OH, Pro se.

Bruce D. Horrigan, Office of the Attorney General, State of Ohio, Cleveland, OH, for Respondent.

## ORDER

GWIN, District Judge.

On June 13, 2001, Petitioner Daniel A. Swingle filed a petition for a writ of habeas corpus. Under Local Rule 72.1 and 72.2, the case was assigned to Magistrate Judge James S. Gallas. On November 9, 2001, Respondent Warden Christine Money filed a motion to dismiss Swingle's petition for a writ of habeas corpus [Doc. 15]. On May 2, 2002, Magistrate Judge Gallas issued his report and recommendation. Magistrate Judge Gallas recommended that Respondent Money's motion to dismiss the petition be granted. Petitioner Swingle timely objected to the Magistrate Judge's report. After conducting an independent review of the petition and the motion to dismiss, the Court finds no merit in Swingle's objections and grants Respondent Money's motion to dismiss Swingle's petition for a writ of habeas corpus.

### I. Background

In his report, the Magistrate Judge recommends dismissing Swingle's petition as time barred. With his petition, Swingle seeks habeas corpus relief to overturn his 1995 convictions for felonious sexual penetration and gross sexual imposition. Swingle was convicted after pleading guilty on December 18, 1995. The state court sentenced Swingle on January 22, 1996 to a term of imprisonment of six to twenty-five years.

Swingle makes several claims for habeas relief. He claims that his guilty plea was unlawfully induced and involuntary. He claims that his counsel was ineffective, that the indictments lacked subject matter jurisdiction, and that the convictions were obtained through the action of an unconstitutionally elected and impaneled grand or

petit jury. Swingle also claims a denial of the right of appeal and further says that the prosecution failed to disclose exculpatory evidence.

Respondent Money moves to dismiss Swingle's petition, claiming that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) (1996) ("AEDPA"), bars his claims. Money also argues that the Court should dismiss Swingle's petition because he procedurally defaulted on his claims. The Magistrate Judge granted Respondent Money's motion to dismiss, basing his decision on the fact that the one-year statute of limitations in § 2244(d) bars Swingle's claims. The Magistrate Judge found that Swingle did not procedurally default on at least one of the claims. As a result, the Magistrate Judge did not dismiss the petition on procedural default grounds.

Swingle timely objected to the Magistrate Judge's report. In his objection, Swingle argues that the one-year statute of limitations was tolled and did not bar his claims. In his pro se "traverse" in opposition to the respondent's motion to dismiss, Swingle also argues for equitable tolling to avoid the statute of limitations bar to his claim, saying that he was unable to obtain vital information bearing on his defense.

The Court now reviews Magistrate Judge Gallas's report and recommendation de novo. See *Flournoy v. Marshall*, 842 F.2d 875, 875–76 (6th Cir.1988).

## II. Discussion

Petitioner Swingle bases his opposition to the Magistrate Judge's report and recommendation on the tolling of the statute of limitations. Swingle claims that his properly filed application for state postconviction relief and other collateral review tolled the one-year statute of limitations such that his habeas petition was timely. He additionally argues for equitable tolling because he was unable to obtain information vital to his case. Namely, Swingle says that he was unable to obtain the report from the emergency room examination of his twelve-year-old stepdaughter, indicating no physical findings of sexual abuse.

For the following reasons, the Court agrees with the Magistrate Judge's recommendation and finds no merit in the petitioner's arguments.

### A. Statute of Limitations

On April 24, 1996, Congress passed the AEDPA. Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year limitations period in which prisoners had to file a petition for a writ of habeas corpus in the federal courts under 28 U.S.C. § 2254. Under the AEDPA, a petitioner must file an application for a writ of habeas corpus within one year of the date upon which the judgment becomes final. See 28 U.S.C. § 2244(d)(1). A judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

For convictions that became final before the enactment of the AEDPA, the courts have adopted a "grace period" during which a prisoner may file a habeas petition without violating the statute of limitations. A prisoner entitled to this grace period must file his habeas petition within one year of the AEDPA's enactment date. See *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir.2001); *Brown v. O'Dea*, 187 F.3d 572, 576 (6th Cir.1999).

On December 18, 1995, Swingle pleaded guilty to one count of gross sexual imposition and one count of felonious sexual penetration. On January 22, 1996, the Summit County Court of Common Pleas sentenced Swingle to a term of six to twenty-five years. Swingle did not file any direct appeal. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), Swin-

gle's conviction became final in February 1996, after the expiration of the thirty-day period allowed for direct appeals. *See* Ohio R.App. P. 4(A).

Swingle's conviction became final before the enactment of the AEDPA. Therefore, Swingle was entitled to the one-year grace period, and the statute of limitations did not begin to run until April 24, 1996. *See Isham v. Randle*, 226 F.3d 691, 693 (6th Cir.2000); *Brown*, 187 F.3d at 577.

Under the AEDPA, Swingle had until April 1997 to file a timely habeas corpus petition. Swingle filed his petition for habeas relief on June 13, 2001. Therefore, unless the statute of limitations was tolled to extend the allowable period from April 1997 to June 2001, Swingle's petition is time barred.

 Swingle did not initiate any direct review during the one-year period to toll the statute of limitations. Additionally, Swingle's postconviction motions did not toll the running of the statute to render his June 2001 petition timely. Tolling occurs during the actual pendency of state post-conviction proceedings for purposes of 28 U.S.C. § 2244(d)(2). *See Payton v. Brigano*, 256 F.3d 405, 409 (6th Cir.2001); *Bronaugh v. Ohio*, 235 F.3d 280, 283 n. 3 (6th Cir.2000); *Isham*, 226 F.3d at 695. In pertinent part, the law states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On January 26, 1996, during the one-year period following the enactment of the AEDPA, Swingle moved for postconviction relief.[1] The state trial court denied the motion on February 12, 1997. Petitioner Swingle did not appeal this decision. Because the statute of limitations is tolled during the pendency of state postconviction proceedings, Swingle's motion tolled the statute an additional 292 days from April 24, 1996—the starting date for pre-AEDPA convictions. Therefore, Petitioner Swingle had until February 12, 1997, to file a timely petition for habeas relief.

On December 3, 1997, Swingle filed a second motion for state postconviction relief. The court denied the second motion as res judicata on April 23, 1998. This tolled the statute of limitations an additional 146 days, giving Swingle until July 6, 1998, to file an application for a writ of habeas corpus. *See Artuz v. Bennett*, 531 U.S. 4, 8–9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (finding that an application may be properly filed to toll the habeas limitation period even though it contains procedurally barred claims). However, Swingle waited until approximately one year later on August 20, 1999, to file a pro se notice of appeal and motion for delayed appeal to the Ohio Court of Appeals for the Ninth District. The state appellate court dismissed Swingle's motion on September 13, 1999.

After his motion for delayed appeal, Swingle attempted to obtain a reversal of his convictions using the procedural mechanisms of delayed appeal, mandamus, a motion under Civil Rule 60(B), and other forms of motions to dismiss. While some of these motions reached the Ohio Supreme Court, Swingle was ultimately unsuccessful in obtaining a reversal of his

---

1. The respondent admits that she does not know when Petitioner Swingle filed his motion for state postconviction relief, because the date did not appear in the file or on the state trial court docket. Petitioner Swingle refers to a motion for postconviction relief filed on January 26, 1996. Because the respondent does not challenge this date, the Court accepts January 26, 1996 as the date on which Swingle filed his first motion for state postconviction relief.

convictions. *See State v. Swingle*, 93 Ohio St.3d 1412, 754 N.E.2d 259 (2001) (table); *State v. Swingle*, 91 Ohio St.3d 1445, 742 N.E.2d 144 (2001) (table); *State v. Swingle*, 88 Ohio St.3d 1414, 723 N.E.2d 120 (2000) (table); *see also State ex rel. Swingle v. Zaleski*, 91 Ohio St.3d 82, 742 N.E.2d 130 (2001).

■■■ Despite the additional time provided by Swingle's several motions for state postconviction relief, the statute of limitations expired on July 6, 1998. At that time, there were no matters pending in state court that would toll the running of the statute of limitations under either §§ 2244(d)(1) or 2244(d)(2). Because the statute of limitations ran on July 6, 1998, Swingle's subsequent proceedings did not retrigger it. Once the statute of limitations has run, subsequent court proceedings cannot extend the limitations period. *See Searcy*, 246 F.3d at 519 (finding that a motion for delayed appeal did not cause 28 U.S.C. § 2244(d) to begin running anew).

The statute of limitations in which to file a timely petition for habeas relief expired in July 1998. Swingle did not file his application for a writ of habeas corpus until June 13, 2001. Therefore, Swingle's petition is untimely.

### B. Equitable Tolling

■■■ In his pro se "traverse" to the motion to dismiss, Swingle argues for equitable tolling to avoid the statute of limitations bar to his habeas petition. Section 2244 is a statute of limitations rather than a jurisdictional bar, as that distinction is made in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112

L.Ed.2d 435 (1990). Therefore, the statute is subject to equitable tolling. *See, e.g., Miller v. Marr*, 141 F.3d 976, 978 (9th Cir.1998); *Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1288–89 (9th Cir.1997).

To be entitled to such equitable tolling, federal courts have held that a petitioner must show that he was prevented from filing his petition on time by "extraordinary circumstances" beyond his control and that he acted with reasonable diligence in pursuing his claims. *See Davis v. Johnson*, 158 F.3d 806, 810–12 (5th Cir. 1998); *Miller v. N.J. St. Dep't of Corrections*, 145 F.3d 616, 616–18 (3d Cir.1998); *see also Duffy v. Collins*, 2000 WL 1477226, 230 F.3d 1358 (6th Cir.2000) (table) (stating that equitable tolling applies when the petitioner is prevented in some extraordinary way from asserting his rights and has diligently pursued § 2254 relief); *Craddock v. Mohr*, 2000 WL 658023, 215 F.3d 1325 (6th Cir.2000) (table).

■■■ Swingle says that he is entitled to equitable tolling because he was unable to obtain information vital to his case. He says that he was not able to obtain a copy of the emergency room examination report of his twelve-year-old stepdaughter, which took place twenty-four hours after the alleged sexual abuse happened. The report indicated that there were no physical findings of abuse, but that there were "[h]istory and/or behavioral indicators consistent with ... sexual abuse." Swingle's argument does not fall under the extraordinary circumstances necessary to trigger equitable tolling.[2]

---

**2.** Equitable tolling is generally determined by five factors: (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001) (outlining the factors to be used in considering the one-year statute of limitations under 28 U.S.C. § 2255); *Franklin v. Bagley*, 2001 WL 1590593, 27 Fed.Appx. 541 (6th Cir.2001) (table) (applying the same

Swingle's argument that his inability to obtain the emergency room examination report should equitably toll the statute of limitations falls under the exception in § 2244(d)(1)(D) for belated discovery despite the exercise of due diligence. In relevant part, 28 U.S.C. 2244(d) states: "The limitations period shall run from the latest of ... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

■■■■ To succeed under the exception for belated discovery, Swingle must show that he exercised due diligence and must also show that the evidence withheld "would have been controlling in the decision whether to plead." *United States v. Ross,* 245 F.3d 577, 584 n. 1 (6th cir.2001); *Campbell v. Marshall,* 769 F.2d 314, 324 (6th Cir.1985). The state's failure to disclose potentially exculpatory evidence does not render a plea involuntary when the belated discovery of the information did not detract from the credible factual basis for the petitioner's otherwise voluntary and counseled guilty plea. *See Campbell,* 769 F.2d at 321.

Whether Swingle knew of the report itself or not, Swingle was aware of similar exculpatory evidence as early as his first motion for postconviction relief in which he argued he could not be convicted because there was no evidence of semen. (Resp. Mot. to Dismiss Ex. 5 ("The crux of Defendant's argument is that he could not be convicted of Felonious Sexual Penetration since there was no evidence of semen.").) Additionally, Swingle made incriminating statements regarding the sexual abuse of his stepdaughter. Therefore, there was a credible factual basis for Swingle's guilty plea and no evidence to show that, had Swingle been in possession of the emer-

gency room report earlier, he would not have pleaded guilty.

Swingle argues that he did not discover the emergency room report until a later time, however he has shown neither due diligence nor prejudice as a result. Therefore, Swingle does not meet the exception under 28 U.S.C. § 2244 for belated discovery despite due diligence.

### Conclusion

The statute of limitations under § 2244(d) of the AEDPA expired in July 1998. Petitioner Swingle did not file his application for a writ of habeas corpus until June 13, 2001. Swingle cannot show that he meets any exceptions to the limitations period contained in § 2244(d), nor can he show that he is entitled to equitable tolling. The Court holds that Petitioner Swingle's petition for a writ of habeas corpus is untimely and, therefore, grants Respondent Money's motion to dismiss.

IT IS SO ORDERED.

factors to state prisoner habeas petitions under 28 U.S.C. § 2244(d)).