DECISION
{¶ 1} This is an appeal from the Franklin County Court of Common Pleas' dismissal of appellant, Robert O. Hayden's ("Hayden"), mandamus action against the Ohio Adult Parole Authority ("OAPA").
 {¶ 2} Hayden was convicted of attempted rape in 1984 and sentenced to prison. He was paroled in 1989 after serving 57 months of his sentence. While on parole Hayden committed a new offense, was convicted of rape, and sentenced to serve 10 to 25 years in prison.
 {¶ 3} A parole hearing was given to Hayden on June 28, 1999. The OAPA put Hayden in a category for future parole consideration. Within its guidelines, this classification mandates that Hayden must serve 132 to 180 months before parole consideration would be undertaken.
 {¶ 4} Hayden contends that he should be given credit for the 57 months already served for his 1984 conviction as to future parole consideration for his present sentence.
 {¶ 5} The trial court disagreed and refused him his prison time and, thus, refused to grant a writ against OAPA.
 {¶ 6} We agree with the trial court for the following reasons:
 {¶ 7} (1) R.C. 2969.25(A) requires that a prisoner who files a civil action must "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Failure to file such an affidavit is grounds for dismissal of the case. State ex rel. Swingle v. Zaleski (2001), 91 Ohio St.3d 82, 83. Appellant Hayden did not file any such affidavit, which is a fatal defect in his filing.
 {¶ 8} (2) The 10-to-25 year sentence for Hayden's rape conviction is entirely independent of his 1984 attempted rape conviction. He presents no authority to support his assertion that time served for one offense should be credited towards parole consideration for another unrelated offense. Mandamus requires the following for a writ of mandamus to issue:
 {¶ 9} (1) that there be a clear legal duty to act on the part of the respondent, and
 {¶ 10} (2) that the relator have no adequate remedy at law. State ex rel. Pressley v. Industrial Comm. (1967), 11 Ohio St.2d 141. Taking the allegations in Hayden's petition as true, he has shown no legal duty on the part of respondent to act as he requests, and dismissal of his petition was appropriate. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545.
 {¶ 11} Accordingly, the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and KLATT, J., concur.
Justice J. Craig Wright, retired of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.