DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Elsebeth Baumgartner, has filed a petition for habeas corpus against respondent, Sheriff Craig Emahiser. Petitioner alleges that she is being unlawfully held in custody.
 {¶ 2} R.C. 2725.04 provides that:
 {¶ 3} " Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 4} "***
 {¶ 5} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 6} A petition for writ of habeas corpus which fails to comply with R.C. 2725.04(D) is fatally defective. Bloss v. Rogers (1992),65 Ohio St.3d 145, 146. Likewise, as we have stated before, failure to comply with R.C. 2969.25 affidavit requirements is also grounds for dismissal of a habeas action. See Horton v. Collins (1992),83 Ohio App.3d 287, 291.
 {¶ 7} Petitioner claims that because an action for habeas corpus is governed by statute, that it is not a "civil action." Petitioner has apparently confused the term "civil" with "common-law." Although governed solely by statute, like post conviction actions, an action for habeas corpus is a civil (rather than criminal) action. See State ex rel.Swingle v. Zaleski (2001), 91 Ohio St.3d 82; Tucci v. Wellington,2003-Ohio-4608, 7th Dist. No. 03-MA-90. See also, Henderson v. James
(1895), 52 Ohio St. 242, 244.
 {¶ 8} In this case, petitioner has failed to submit an affidavit as required by R.C. 2969.25. In addition, after thoroughly reviewing the 120 plus pages attached to her petition, we find no adequate documentation showing that petitioner is entitled to release. The attached items include copies of newspaper articles, letters to the Supreme Court of Ohio, affidavits from third parties on unrelated matters, and pleadings and memoranda previously filed by petitioner in the underlying escape case and other cases.
 {¶ 9} Relevant to petitioner's application for habeas corpus, among the attached items, we discovered a commitment order from the Ottawa County Municipal Court issued on April 17, 2003, which states that petitioner is to be incarcerated for 180 days from that date for her misdemeanor escape conviction, a violation of R.C. 2921.24(A)(1). Day for day, the sentence would run through October 13, 2003. Petitioner claims, however, that she should be credited with 69 additional days of incarceration which occurred prior to April 17, 2003.
 {¶ 10} While there may be some validity to petitioner's contentions, she has failed to support her claim with properly submitted or referenced documentation or evidence of the days served and whether any days should be credited to her sentence for escape. Although she has attached copies of the escape indictment, nothing but petitioner's unsworn, conclusory commentary, in an attached memorandum previously filed with this court, alludes to when and why she was placed in custody.[1] Without proper documentation of the days in custody, we are prevented from addressing the merits of petitioner's application for writ of habeas corpus. Therefore, petitioner failed to attach the required R.C. 2926.25 affidavit and to establish facts which demonstrate that she is being unlawfully held in custody.
 {¶ 11} Accordingly, petitioner's application for writ of habeas corpus is denied.
 WRIT DENIED.
[1] According to unsworn information gleaned from the attachments, petitioner was convicted in July 2002 of a first degree misdemeanor, falsification and received a 180 day sentence which was suspended subject to certain conditions of probation. On September 20, 2002, petitioner was taken into custody on an alleged probation violation related to the falsification conviction. She was allegedly in custody until September 26, 2002, when she was furloughed for two days to attend her Ohio State Bar ethics violation hearings. When she failed to return to custody on September 28, 2002, the trial court issued a warrant for her arrest on the charge of escape. According to petitioner's unsworn commentary, petitioner went to Texas, where she was ultimately arrested on the escape charge, allegedly held for 15 days, and then released on a $10,000 bond.
Petitioner says that she eventually returned to Ohio in November 2003 and was again incarcerated in Ottawa County. She states that she was released January 5, 2003, on her own recognizance, pending the outcome of the escape charges and probation violation proceedings.