Argued May 17, affirmed June 10, 1971

RONALD FRANKLIN HARRIS, *Appellant, v.*
CUPP ET AL, *Respondents.*
485 P2d 1113

*Carl N. Byers,* Salem, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

This is an appeal from dismissal of a petition for writ of habeas corpus. Petitioner was "paroled" by an order of the State Board of Parole and Probation from the Oregon State Penitentiary to the Oregon State Hospital on October 24, 1968. According to petitioner's testimony, because of his sexual involvement with an inmate of the hospital, he was discharged on May 2, 1969. No notification was given to the parole administration. Within a few days of discharge he reported to a parole officer in Portland asking for medication to control his sexual urges. The parole officer obtained petitioner's file and started administering parole, but when the full aspects of the case came to the parole board's attention, petitioner was returned to the penitentiary, purportedly as a parole violator.

The trial court held that the parole board has no statutory authority to parole to the state hospital and that the attempt to do so was void from its inception. Inasmuch as it held the parole was a nullity, the trial court held that the petitioner had no rights under the purported parole.

■ Petitioner alleges (1) that it was error to find the original parole was void; and (2) in finding that no rights were violated.

ORS 144.240 provides:

"No prisoner in the state penitentiary shall be paroled unless it is the opinion of the board that, within a reasonable probability, the prisoner will, after parole, remain outside the institution without

violating the law and that such release is not incompatible with the welfare of society."

This language, read *in pari materia* with ORS 179.473 and 179.476, indicates that the legislature intended that an inmate who is paroled would not be moved to another institution. ORS 179.473 and 179.476 comprehensively provide the procedures for transfers on either a permanent or nonpermanent basis between state institutions. These procedures do not include paroles from one institution to another.

■ It is obvious from the testimony of the petitioner himself, who went to the parole officer to ask for medication to control his sexual urges with reference to immature girls because he was given none on discharge by the hospital staff, that his release was not compatible with the welfare of society. This is substantiated by the testimony of Jack Wiseman, Chairman of the State Board of Parole and Probation, who became a member of the board after the purported "parole" was granted:

"A * * * The hospital subsequently released him, did not advise us, and according to the reports that the Board had, he had told his Parole Officer he felt he was released too soon. He felt he had a continuing problem. They didn't give him medication as they had given him while in the hospital. It was on the basis of this new set of circumstances that the Board acted.

"Q Are you saying Mr. Wiseman that the hospital released him improperly, that in the best recommendation of the medical authorities he should not have been released?

"A I don't think I am qualified to make that kind of judgement [sic] really, in terms of what the hospital did. They certainly didn't notify the Board or the administration office as they had been asked to do.

"* * * * *

"A * * * [A] mental condition, what ever it was according [to] his admissions, had not been sufficiently corrected or suppressed to allow him to remain on the streets and they had no choice in their judgement [sic] but to bring him back. Upon return they recommended that he be transfered [sic] to the hospital.

"Q And can you tell us why he was not returned to the hospital.

"A No, I cannot * * *."

The parole board has no authority except that set forth in the statutes. Its original parole order was void from the inception and a nullity.

We find no merit in the other points raised by defendant.

Affirmed.