**UNITED STATES of America ex rel.
Richard Oliver CAIN, Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE
et al., Respondents.**

**No. 72 C 1627.**

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1972.

---

James C. Murray, Asst. U. S. Atty., Chicago, Ill., for respondent, United States Bd. of Parole.

Edward M. Genson, Chicago, Ill., for petitioner.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petitioner, Richard Oliver Cain, was sentenced to a term of ten years for violation of 26 U.S.C. § 4705(a), a consecutive term of five years for violation of 21 U.S.C. § 174, and a further consecutive five-year term for violation of 21 U.S.C. § 174. Sentencing for the above three terms took place on or about April 12, 1957. These violations are in the nature of "hard counts" in that they are offenses for which Cain was not eligible for parole pursuant to 26 U.S.C. § 7237(d).

Subsequently, Cain was sentenced to a three-year term, consecutive to the above terms, for a violation of 18 U.S.C. § 113(c). At this sentencing the judge, pursuant to the power granted under 18 U.S.C. § 4208(a), provided that Cain would become eligible for immediate parole.

Cain was incarcerated from April 12, 1957 until October 29, 1969, approximately 12½ years. On October 29, 1969, Cain was released for a period of parole. The Certificate of Parole specified that the termination date of the period of parole was April 11, 1980, 23 years from the date the first sentence commenced.

Subsequently, the petitioner was charged with violating the conditions of parole. On June 23, 1972, a revocation hearing was held wherein Cain was charged with the possession of firearms on three specific occasions. On October 15, 1971, and again on October 28, 1971, guns allegedly were found by policemen in the car in which Cain was driving. Cain denied these charges, offering evidence to show that the automobile belonged to his son. Further, the petitioner was arrested on March 28, 1971, for allegedly carrying a concealed weapon and failing to register a firearm. At the hearing, petitioner contended that since his life had been threatened it was necessary for him to carry a concealed weapon; both his brother and his wife corroborated this testimony. Cain's parole was revoked on July 10, 1972, and he is presently being detained in Cook County Jail. Cain filed the instant petition on June 30, 1972.

In his petition, Cain contends (1) that the termination date of his period of parole was erroneously set at April 11, 1980 (the writ is "directed to the computation of time by the Department of Parole and the power to return the defendant to Terre Haute Penitentiary for à sentence already served and the illegality of the detention of the defendant based thereon"), and (2) that the revocation of his parole was arbitrary, capricious, and unreasonable.

In support of his first contention, Cain posits three possible theories to explain the April 11, 1980, parole termination date, rejects the first two as legally untenable, and relies on the last to justify this petition for habeas corpus relief. This third theory is that the 1980 termination date is simply an error. Since the only period for which he was eligible for parole was on the three-year sentence, Cain argues that his release on parole must have been predicated on the official termination of his obligation under the 20-year sentence. Therefore he submits that he is liable only for the remainder of the three-year parolable sentence.

In support of his second contention, that his parole revocation was unreasonable, the petitioner asserts that the only evidence offered was that of Cain and his counsel, showing that Cain was not deserving of parole revocation.

Respondents argue that the 1980 parole termination is correct since 18 U.S.C. § 4164 provides that a prisoner released on good time shall be treated as if released on parole. In addition, they assert that even if the release of Cain was in violation of 26 U.S.C. § 7237(d), the Parole

Board may recommit a prisoner who is released by mistake when his sentence has not expired. With respect to petitioner's second ground, the respondents argue that the Board's action was neither arbitrary nor capricious.

## DATE OF TERMINATION OF 20-YEAR SENTENCE

█ Under 26 U.S.C. § 7237(d), after conviction under federal narcotics laws, no sentence shall be suspended and no probation shall be granted; in addition, the statute providing for parole shall not apply to those convicted under the narcotics laws. Nevertheless, the federal law requiring mandatory release for good time remains in effect with respect to narcotics offenders, for 18 U.S.C. § 4164 contains the following relevant language:

A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed *as if released on parole.* . . . (Emphasis added.)

The petitioner asserts that when he was paroled in 1969, he was in fact paroled on his three-year sentence, although he admits that he also qualified for release for good time on his 20-year non-parolable sentence. Petitioner argues that since a Certificate of Parole was issued this Court must recognize that Cain's liability under the 20-year sentence had been terminated. On the basis of this alleged termination, petitioner contends that his detention under the 20-year sentence constitutes grounds for habeas corpus relief.

█ The Court cannot accept this reasoning. The petitioner, who was eligible for mandatory release on the narcotics offense, was released on parole pursuant to 18 U.S.C. § 4208(a) on his three-year sentence. The principle that one who is given mandatory release is treated as if on parole, coupled with the fact that the Board of Parole released the petitioner on the three-year sentence on the basis of 18 U.S.C. § 4208(a) prevents a conclusion that the release was in violation of 26 U.S.C. § 7237(d). *Cf.* United States

v. Figueroa, 325 F.2d 418 (2d Cir. 1963.) Yet, it is on the basis of the release on parole that petitioner urges this Court to declare the 20-year sentence satisfied and the detention under it illegal. The Court does not find this persuasive; even if Cain's parole did violate 26 U.S.C. § 7237(d), the Board of Parole can recommit a prisoner who is released by mistake when his sentence has not expired. *Cf.* White v. Pearlman, 42 F.2d 788 (10th Cir. 1930).

Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) and Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), cited by the petitioner, indicate a trend to enlarge the scope of the habeas corpus remedy. As a result, prisoners who have been paroled and those serving consecutive sentences, the first of which is valid, have been able to attack custody by means of the writ of habeas corpus. The above cases do not support the relief petitioner is seeking, however. A judicial determination that the 20-year sentence has been satisfied would amount to the reduction of Cain's sentence for violation of federal narcotics laws. Petitioner has failed to cite any authority which would give such a remedy to a federal prisoner on the basis of the facts here alleged. Therefore, this Court will not alter the 1980 termination date.

## REVIEW OF REVOCATION OF PAROLE

█ It is clear that one whose parole has been revoked may challenge the legality of the revocation by a writ of habeas corpus. Washington v. Hagan, 287 F.2d 332 (3rd Cir. 1960), cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259 (1961). The scope of review in a habeas corpus proceeding was enunciated in United States ex rel. De Fillo v. Fitzpatrick, 378 F.2d 85, 87 (2d Cir. 1967):

. . . [T]he test is not whether there was substantial evidence to support the Board's decision revoking his release but whether, as a matter of law,

the revocation on its face appears to be without any support.

In the instant case, the petitioner was arrested on two occasions when guns were discovered in the car in which he was driving. In his defense the petitioner introduced only evidence showing that the car belonged to his son. Cain attempted to justify his third arrest for possessing firearms on the basis of necessity. He freely admitted, however, that the Parole Board had recommended that he move out of the neighborhood because of possible gang harassment. In the light of these facts, the Court cannot state as a matter of law that the action of the Board in revoking Cain's parole was unfounded.

Accordingly, for the foregoing reasons, the petition for writ of habeas corpus is denied.