JEFFERSON, APPELLANT, *v.* MORRIS, SUPERINTENDENT, SOUTHERN OHIO CORRECTIONAL FACILITY, APPELLEE.

(No. 1696 — Decided May 17, 1988.)

*Sell Jefferson, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Alexander G. Thomas,* for appellee.

STEPHENSON, J. This is an appeal from a judgment entered by the Scioto County Court of Common Pleas dismissing the petition for a writ of habeas corpus filed pursuant to R.C. 2725.01 *et seq.* by Sell Jefferson, petitioner below and appellant herein.

Appellant's sole assignment of error asserts:

"The trial court committed reversible error in dismissing appellant's petition for writ of habeas corpus where appellant claimed that his constitutional rights were violated in posttrial proceedings by prison officials where appellant had been released from prison and the prison officials reacquired custody of appellant in violation of the Due Process Clause of the United States Constitution."

From the averments of the petition and memorandum the following appears. On April 15, 1987, appellant filed a "Petition For Writ of Habeas Corpus and/or Rule To Show Cause" in the Scioto County Court of Common Pleas. In his petition, appellant avers, *inter alia,* that he was sentenced by the Cuyahoga County Court of Common Pleas on May 7, 1975 to a term of seven to twenty-five years' imprisonment and a term of life imprisonment for convictions of aggravated robbery and aggravated murder on July 21, 1975, in case No. CR-17177. Appellant further avers that he was subsequently released on parole in January 1981 and was granted a "Final Release" by the Ohio Adult Parole Authority. Appellant concedes in his memorandum in support of his petition that while on parole appellant "became involved in some forgeries * * *" and is now serving sentences for such offenses.[1] Appellant also avers in his petition that on October 2, 1985, appellant was sent to Chillicothe Correctional Institute to serve the term imposed in case No. CR-17177, and that appellant was denied all credit for time served on the

---

[1] If appellant is being held pursuant to valid convictions for forgery and not entitled to immediate release in any event, he would not be entitled to a writ of habeas corpus. *Geroski* v. *Haskins* (1964), 176 Ohio St. 393, 27 O.O. 2d 359, 199 N.E. 2d 881;

*Rollins* v. *Haskins* (1964), 176 Ohio St. 394, 27 O.O. 2d 359, 199 N.E. 2d 868. We do not affirm on this ground since the duration of the sentences for forgery do not appear in the record.

sentence before he was paroled. Finally, appellant avers that he is being unconstitutionally detained in the Southern Ohio Correctional Facility.

Appellant's assignment of error essentially asserts that since appellant had been discharged from parole by the Ohio Adult Parole Authority, the Cuyahoga County Court of Common Pleas was without jurisdiction, statutory or otherwise, to issue process for re-confinement of appellant. An action in habeas corpus is civil in nature rather than criminal. *Henderson* v. *James* (1895), 52 Ohio St. 242, 259, 39 N.E. 805, 807; *State, ex rel. Colby,* v. *Reshetylo* (1972), 30 Ohio App. 2d 183, 184, 59 O.O. 2d 306, 307, 284 N.E. 2d 188, 189. It is axiomatic that in order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts which entitle him to prevail. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus; *Egan* v. *National Distillers & Chemical Corp.* (1986), 25 Ohio St. 3d 176, 186, 25 OBR 243, 252, 495 N.E. 2d 904, 912 (Douglas, J., concurring); Civ. R. 12(B)(6).

Appellant concludes that he has no other plain and speedy remedy at law to test the legality of his confinement and for that reason the only available remedy to appellant is a writ of habeas corpus. No claim is asserted that the court imposing sentence upon the 1975 convictions lacked jurisdiction of the person or subject matter.

The Ohio Supreme Court in *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, 33 O.O. 2d 2, 210 N.E. 2d 885, held the statutory habeas corpus relief pursuant to R.C. Chapter 2725 to be available only when the sentencing court lacks jurisdiction by reason of R.C. 2725.05, which reads as follows:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

Even though appellant was recommitted to serve his sentence by a subsequent order of the trial court, he is being held under the original judgment and sentence, and since the sentencing court had jurisdiction, relief under R.C. Chapter 2725 is not available to appellant.

Appellant argues he is being held not upon the original judgment of conviction and sentence, but under a recommitment judgment which the court lacked jurisdiction to enter. Assuming, *arguendo,* that appellant is being held pursuant to the recommitment judgment, we hold appellant nevertheless has not stated a claim for relief.

Appellant argues the applicability of decisions of the federal courts that a prisoner erroneously paroled without his fault cannot be made to serve the remainder of his sentence. These holdings are summarized in *United States* v. *Merritt* (D.D.C. 1979), 478 F. Supp. 804, 806-807, as follows:

"It is well settled that when a prisoner is released prior to service or expiration of his sentence through no fault or connivance of his own, and the authorities make no attempt over a prolonged period of time to reacquire custody over him, he may be given credit for the time involved, and he will not be required at some later time to serve the remainder of his sentence.

*White* v. *Pearlman,* 42 F. 2d 788 (10th Cir. 1930); *Bailey* v. *Ciccone,* 420 F. Supp. 344, 347 (W.D. Mo. 1976); *Albori* v. *United States,* 67 F. 2d 4 (9th Cir. 1933). Other courts have reached a similar result under what has been called a waiver of jurisdiction theory. *Smith* v. *Swope,* 91 F. 2d 260 (9th Cir. 1937); *Shields* v. *Beto,* 370 F. 2d 1003 (5th Cir. 1967); *In re Jennings,* 118 F. 479 (E.D. Mo. 1902); *United States* v. *Croft,* 450 F. 2d 1094 (6th Cir. 1971); *Lanier* v. *Williams,* 361 F. Supp. 944 (E.D.N.C. 1973).

"Although different courts have thus chosen different theoretical bases for their conclusions, these conclusions do not differ in practice. A convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution. Several additional factors must be present before relief will be granted — the result must not be attributable to the defendant himself; the action of the authorities must amount to more than simple neglect; and the situation brought about by defendant's release and his reincarceration must be 'unequivocally inconsistent with "fundamental principles of liberty and justice." ' See *Piper* v. *Estelle,* 485 F. 2d 245, 246 (5th Cir. 1973)."

The general rule, however, is stated as follows:

"A *void parole* has no effect on the original judgment; and, where the sentence is lawful, a prisoner at large on an illegal and void parole is on the same plane as an escapee. Accordingly, no rights of the prisoner are violated under a purported parole, which is invalid, when he is returned to prison. The paroling authority can recommit a prisoner who is released by mistake when his sentence has not expired." (Footnotes omitted.) 67A Corpus Juris Secundum (1978) 95, Pardon & Parole, Section 57. See, also, *Harris*

v. *Cupp* (1971), 5 Ore. App. 566, 485 P. 2d 1113; *People, ex rel. Miller,* v. *Nierstheimer* (1949), 402 Ill. 599, 85 N.E. 2d 10; *United States, ex rel. Cain,* v. *United States Bd. of Parole* (N.D. Ill. 1972), 349 F. Supp. 1177, affirmed (C.A. 7, 1973), 486 F. 2d 1406.

A prisoner serving a sentence for life for the offense of aggravated murder, which sentence was imposed for an offense committed prior to October 19, 1981, becomes eligible for parole after serving a term of fifteen full years. R.C. 2967.13(B). Manifestly, appellant was not eligible for parole and the Adult Parole Authority was without authority to parole appellant since by his own admission appellant had served only about five years of his life sentence.

Even if the exceptions recognized by the federal courts, *supra,* are applicable to Ohio courts, appellant would still not be entitled to release. The "credit" theory is negated in that giving appellant credit for the period he was erroneously released from custody, he still has not served the minimum sentence for parole consideration.

Nor would the waiver theory be applicable, inasmuch as continued confinement would not be "unequivocally" inconsistent with "fundamental principles of liberty and justice." Those courts adopting that view have required that a showing be made that the improperly released prisoner had adjusted to the community and was a law-abiding citizen. *Johnson* v. *Williford* (C.A. 9, 1982), 682 F. 2d 868; *State* v. *Kline* (La. 1985), 475 So. 2d 1093; *United States* v. *Merritt, supra.* Appellant having committed the offense of aggravated murder, it is in no way inconsistent with fundamental justice to require such sentence to be served.

The assignment of error is overruled and the judgment is affirmed.

84

*Judgment affirmed.*

Abele, J., concurs.

Grey, P.J., concurs in part and dissents in part.

Grey, P.J., concurring in part and dissenting in part. I concur in the judgment of affirmance, but on the merits, not on the jurisdictional issue. Even if petitioner were given credit for the time he was released, he would not be entitled to habeas corpus relief at the present time.

However, if there were a prisoner who did meet the standards set forth in *State* v. *Kline* (La. 1985), 475 So. 2d 1093; *Johnson* v. *Williford* (C.A. 9, 1982), 682 F. 2d 868; or *United States* v. *Merritt* (D.D.C. 1979), 478 F. Supp. 804, how would he present such a claim in an Ohio court? In *Kline,* the opinion mentions a petition in certiorari and review. In *Merritt,* the action was brought under a federal code section, Section 2255, Title 28, U.S. Code, allowing actions on sentencing decisions. *Johnson* was a federal habeas corpus decision. If recommitment would be unequivocally inconsistent with the fundamental principles of liberty and justice, and if habeas corpus is not available on jurisdictional grounds, how can such a claim of fundamental principle be decided?

While not directly on point, two cases seems to indicate that a case involving proper credit for time "served" may be cognizable in habeas corpus: *McNary* v. *Green* (1967), 12 Ohio St. 2d 10, 41 O.O. 2d 85, 230 N.E. 2d 649, and *Hoff* v. *Wilson* (1986), 27 Ohio St. 3d 22, 27 OBR 440, 500 N.E. 2d 1366.

I would hold that the trial court erred in dismissing the habeas corpus petition on jurisdictional grounds, but in light of the fact that petitioner's complaint and memorandum for habeas corpus relief admits on its face that while released he was convicted of forgeries, it does fail to state a claim under the fundamental principle theory.