THE STATE EX REL. JEFFERSON, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Jefferson v. Ohio Adult
Parole Auth.* (1999), 86 Ohio St.3d 304.]

(No. 99–413—Submitted June 8, 1999—Decided September 1, 1999.)

*Sell Jefferson, pro se.*

*Betty D. Montgomery,* Attorney General, and *Allen P. Adler,* Assistant Attorney General, for appellee.

---

**Per Curiam.** Jefferson asserts that the court of appeals erred in dismissing his complaint for a writ of prohibition. For the following reasons, Jefferson's assertion is meritless.

Despite Jefferson's claims to the contrary, the *in forma pauperis* requirements of Sub.H.B. No. 455, *i.e.,* R.C. 2969.21 *et seq.,* are constitutional. See *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 351, 686 N.E.2d 505, 506–507 (Sub.H.B. No. 455 does not violate rights of access to courts, due process, and equal protection, and the right against double jeopardy). And Jefferson does not assert that R.C. 2969.25 is inapplicable to prohibition actions. See *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 595.

Moreover, the issue Jefferson raises here has been previously adjudicated in his court of appeals habeas corpus action, and consequently, the collateral estoppel aspect of *res judicata* bars Jefferson from relitigating the issue in this action. *State ex rel. Williams v. Brigano* (1997), 78 Ohio St.3d 413, 414, 678 N.E.2d 568, 569; *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140, 144.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.