**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 304.]**

THE STATE EX REL. JEFFERSON, APPELLANT, *v.* OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Jefferson v. Ohio Adult Parole Auth.*, 1999-Ohio-163.]

*Prohibition—Writ sought to prohibit Ohio Adult Parole Authority from taking any
actions concerning relator—Complaint dismissed, when.*

(No. 99-413—Submitted June 8, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1460.

_____

{¶ 1} In 1975, the Cuyahoga County Court of Common Pleas convicted appellant, Sell Jefferson, of aggravated murder and aggravated robbery, and sentenced him to life imprisonment for the aggravated murder and to a term of seven to twenty-five years for the aggravated robbery. In 1981, appellee, Ohio Adult Parole Authority ("APA") mistakenly paroled Jefferson, and in 1982, the APA granted him a final release. In 1985, the common pleas court convicted Jefferson of grand theft, tampering with records, possession of criminal tools, and multiple counts of forgery and uttering, and sentenced him to an aggregate prison term of seven to fifteen years, with this sentence to be served concurrently with the life term for his 1975 aggravated murder conviction.

{¶ 2} In 1987, Jefferson challenged his recommitment on the 1975 aggravated murder conviction in habeas corpus, but his claims were denied. *Jefferson v. Morris* (1988), 48 Ohio App.3d 81, 548 N.E.2d 296; see, also, *Jefferson v. Morris* (1988), 39 Ohio St.3d 714, 534 N.E.2d 76. The court of appeals ruled that the APA's parole was void and had no effect on Jefferson's 1975 aggravated murder conviction. 48 Ohio App.3d at 82-83, 548 N.E.2d at 298.

{¶ 3} In 1998, Jefferson filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent the APA from taking any

further actions relating to his 1975 convictions, and to further prevent the APA from conducting a parole eligibility hearing in the year 2000 on his aggravated murder conviction. The APA filed a motion to dismiss on the ground that Jefferson's complaint did not comply with the R.C. 2969.25 *in forma pauperis* filing requirements for inmates commencing civil actions or appeals against government entities or employees. The court of appeals granted the APA's motion based on Jefferson's failure to comply with R.C. 2969.25(A) and (C), and dismissed the complaint.

{¶ 4} This cause is now before the court upon an appeal as of right.

––––––––––––––––––

*Sell Jefferson, pro se.*

*Betty D. Montgomery*, Attorney General, and *Allen P. Adler*, Assistant Attorney General, for appellee.

––––––––––––––––––

***Per Curiam.***

{¶ 5} Jefferson asserts that the court of appeals erred in dismissing his complaint for a writ of prohibition. For the following reasons, Jefferson's assertion is meritless.

{¶ 6} Despite Jefferson's claims to the contrary, the *in forma pauperis* requirements of Sub.H.B. No. 455, *i.e.*, R.C. 2969.21 *et seq.*, are constitutional. See *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 351, 686 N.E.2d 505, 506-507 (Sub.H.B. No. 455 does not violate rights of access to courts, due process, and equal protection, and the right against double jeopardy). And Jefferson does not assert that R.C. 2969.25 is inapplicable to prohibition actions. See *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 595.

{¶ 7} Moreover, the issue Jefferson raises here has been previously adjudicated in his court of appeals habeas corpus action, and consequently, the collateral estoppel aspect of *res judicata* bars Jefferson from relitigating the issue

2

in this action. *State ex rel. Williams v. Brigano* (1997), 78 Ohio St.3d 413, 414, 678 N.E.2d 568, 569; *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140, 144.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————