JOURNAL ENTRY and OPINION
Relator requests that this court issue a writ of procedendo compelling respondent judge to issue a ruling with respect to the complaint in mandamus filed by relator on August 29, 2000 in Pinkava v. Meridia EuclidHosp., Cuyahoga County Court of Common Pleas Case No. CV-416469. A copy of the complaint in Case No. CV-416469 is attached to the complaint in this original action. In Case No. CV-416469, relator seeks a writ of mandamus compelling the respondent, Meridia Euclid Hospital. to produce copies of medical records that are related to the underlying case ofState v. Pinkava, Cuyahoga County Court of Common Pleas Case No. CR-44237.
R.C. 2969.25 (A) provides, in part:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, thZ inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.
Failure to comply with the requirements of R.C. 2969.25 is grounds for dismissal of an original action.
 In 1998, Jefferson [an inmate] filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent the [the Ohio Adult Parole Authority. "APA"] from taking any further actions relating to his 1975 convictions, and to further prevent the APA from conducting a parole eligibility hearing in the year 2000 on his aggravated murder conviction. The APA filed a motion to dismiss on the ground that Jefferson's complaint did not comply with the R.C. 2969.25 in forma pauperis filing requirements for inmates commencing civil actions or appeals against government entities or employees. The court of appeals granted the APA's motion based on Jefferson's failure to comply with R.C. 2969.25(A) and (C), and dismissed the complaint.
State ex rel. Jefferson v. Ohio Adult Parole Auth. (1999),86 Ohio St.3d 304, 305, 714 N.E.2d 926, 927. R.C. 2969.25(C) sets forth the requirements f or an affidavit of indigency.
In this action, relator has filed a motion to proceed in formapauperis, attached to which is relator's "R.C. § 2969.25(A) Affidavit of Civil Actions or Appeals." In the affidavit, applicant identifies Case No. CV-416469 as the only civil action or appeal that he has filed in the previous five years. Yet, relator has filed two original actions in this court alone: State ex rel. Pinkava v. Meyers [the medical records manager at Meridia Euclid Hospital], Case No. 75054, in 1998; and Pinkava v.Euclid Meridia Hospital, Case No. 76891, in 1999. In State ex rel.Pinkava v. Meyers (Oct. 22, 1998), Cuyahoga App. No. 75054, unreported, and Pinkava v. Euclid Meridia Hosp. (Nov. 4, 1999), Cuyahoga App. No. 76891, unreported, relator requested — and this court denied — the same relief relator now requests in Case No. CV-416469.
In light of Jefferson, relator's failure to comply with R.C. 2969.25 is a sufficient basis for denying relief in this action. Accordingly, we dismiss this action sua sponte. See State ex rel. Thompson v. Spon
(1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
TIMOTHY E. McMONAGLE, R.J. CONCURS, FRANK D. CELEBREZZE. JR., J. CONCURS.