DECISION
{¶ 1} Relator, Sell Jefferson ("relator") filed this original action asking this court to issue a writ of mandamus and declaratory judgment finding that respondent, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("respondent" or "ODRC"), is required to credit the sentence he is currently serving for aggravated murder with time he served on a related conviction for aggravated robbery.
 {¶ 2} Respondent filed a motion to dismiss, which we referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision granting respondent's motion to dismiss. Relator then filed objections to the magistrate's decision. (Attached as Appendix A.)
 {¶ 3} In 1975, relator was initially charged with aggravated murder and aggravated robbery arising out of the same incident. At the first trial, relator was convicted on the aggravated robbery charge, but the jury was unable to reach a verdict on the aggravated murder charge. Relator was sentenced to a term of seven to 25 years of imprisonment. Subsequently, relator was retried and convicted for the aggravated murder charge, and was sentenced to life in prison. Relator's convictions were upheld on appeal. State v. Jefferson (Feb. 3, 1977), Cuyahoga App. No. 35485.
 {¶ 4} For some reason, ODRC was not notified of relator's life sentence on the aggravated murder charge. In 1981, relator was paroled on the offense of aggravated robbery, with final release from parole being granted in 1982. In 1985, relator was ordered returned to ODRC's custody because he should not have been paroled given the life sentence he received on the accompanying aggravated murder charge. On April 15, 1987, relator filed a petition seeking a writ of habeas corpus with the Scioto County Court of Common Pleas, arguing that he should be released from further incarceration due to the grant of final release from parole. Relator argued a number of legal issues in support of his claim, including that he was not properly credited with time served on the aggravated robbery charge. The Fourth District Court of Appeals upheld the denial of the requested writ on the grounds that the initial grant of parole was void, and that relator was not eligible for parole at that point because he had not served enough of his life sentence to be eligible for parole.Jefferson v. Morris (1988), 48 Ohio App.3d 81, 548 N.E.2d 296.
 {¶ 5} Relator's complaint includes a number of claims. In the prefatory portion of the complaint, relator claims he "seeks judicial intervention to direct [respondent] to adhere to a lawful judgment issued by a court of competent jurisdiction in the State of Ohio, seeks an order voiding a parole board decision, seeks declaratory judgment in reference to the denial of equal protection of the law[.]" The complaint then sets forth five specific claims, as follows:
A. The director and his employee's (sic) have failed to follow the order issued in the attached "certified copy of sentencing" to commence calculation of [relator's] sentence for aggravated murder from the date ordered by the sentencing court.
B. The director and his employee's (sic) have failed to consider [relator] parole eligible under the parole review statute in effect when he was sentenced in 1975 and instead, have applied an administrative guideline to "administratively" enhance his minimum prison term in violation of due process of law and this does constitute a violation of the Ex Post Facto Clause of the United States and Ohio Constitution's (sic) (Emphasis sic.)
C. [Declare] that the director and his employee's (sic) have violated the separation of powers doctrine in that they refused to calculate the sentence for aggravated robbery aggravated murder to run concurrent. (Emphasis sic.)
D. [Declare] that the director and his employee's (sic) have denied to [relator] the equal protection of the law when refusing to allow him to earn good-time [credits] and other similarly situated prisoner's (sic) were permitted to earn good timeprior to the expiration of their definite prison terms. (Emphasis sic.)
E. Order calculation of the sentence(s) "concurrently" as [depicted in] the attached certified copy of the sentence for the aggravated murder conviction.
 {¶ 6} Respondent filed a motion to dismiss the action pursuant to Civ.R.12(B)(6) alleging that relator's complaint failed to state a claim for which relief can be granted. The purpose of a motion to dismiss for failure to state a claim for which relief can be granted is to test the sufficiency of the complaint. State ex rel. Boggs v. Springfield Local School Dist.Bd. Of Ed. (1995), 72 Ohio St.3d 94, 647 N.E.2d 788. In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested.O'Brien v. Univ. Comm. Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753.
 {¶ 7} Relator's complaint states that he is seeking both relief in mandamus and a declaratory judgment. Respondent's motion, and the magistrate's decision, focused entirely on the issue of whether relator's complaint states a claim for a writ of mandamus, but did not address whether relator has any possible claim for declaratory judgment.
 {¶ 8} Respondent's motion to dismiss and the magistrate's decision also focused solely on the question of whether relator's claims are barred by the collateral estoppel aspect of res judicata. Collateral estoppel precludes relitigation of an issue that has been actually and necessarily litigated in a prior action. Fort Frye Teachers Assn. v. State Emp. Rels. Bd.,102 Ohio St.3d 283, 2004-Ohio-2947, 809 N.E.2d 1130. Res judicata precludes a litigant from raising alternative legal theories that could have been raised in a prior proceeding. Turner v. Ishee,98 Ohio St.3d 411, 2003-Ohio-1671, 786 N.E.2d 54. The magistrate concluded that since relator's 1988 habeas corpus petition involved issues regarding the proper credit to be given to the time relator served on the aggravated robbery charge, relator is precluded from relitigating those issues.
 {¶ 9} Respondent and the magistrate treated the issue as whether relator should be credited with having served some of his life sentence on the aggravated murder conviction during the time he was serving his sentence on the aggravated robbery conviction, an issue that was squarely raised in relator's 1988 habeas corpus claim. In the third and fifth claims in his complaint, relator actually framed this issue as whether his sentences for aggravated robbery and aggravated murder should have been treated by respondent as concurrent sentences, and whether respondent's failure to treat the sentences as concurrent sentences violated any constitutional provisions. In addition, in the first claim in his complaint, relator argues that respondent has refused to follow the trial court's sentencing order by failing to start relator's aggravated murder sentence on the date specified by the trial court, which is essentially the same claim. Assuming that the issues raised in relator's first, third, and fifth claims are separate from the issue of whether relator should have been credited with time served on the aggravated robbery conviction, it is clear these issues arose from the same nucleus of facts as the 1988 habeas corpus petition, and could have been raised as part of the same claim. Therefore, res judicata precludes relator from litigating those claims.
 {¶ 10} In the second claim in his complaint, relator claimed that respondent has failed to consider him eligible under the parole statute that was in effect in 1975, and have instead administratively enhanced his minimum prison term in violation of the United States and Ohio Constitutions. It is not clear from the record what the basis for this claim is, because none of the documents relator attached to his complaint show any decision respondent has made regarding his parole. If his claim arises from the same nucleus of facts that gave rise to his 1988 habeas corpus petition, then res judicata would preclude relator from litigating this claim as well. To the extent that the claim is based on some more recent action by respondent, relator's complaint does not refer to or include any evidence of that action, and therefore fails to state any claim for which relief can be granted.
 {¶ 11} Finally, in his fourth claim, relator claims respondent has denied him equal protection of the law by refusing to allow him to earn good time credit when other similarly situated prisoners were allowed to accumulate such credit. As above, to the extent that this claim relates either to issues that could have been raised in relator's 1988 habeas corpus proceeding, res judicata would preclude litigation of the claim. We also note that in 1998, relator filed an action with this court seeking a writ of prohibition against the Adult Parole Authority that would have prohibited any action from being taken with respect to relator's parole. This court dismissed that action, and the dismissal was upheld by the Ohio Supreme Court inState ex rel. Jefferson v. Ohio Adult Parole Authority (1999),86 Ohio St.3d 304, 714 N.E.2d 926, which also may have a preclusive effect on relator's fourth claim. Even assuming that res judicata would not preclude litigation of relator's fourth claim, relator's complaint fails to state any claim for which relief can be granted, because nothing in the complaint actually indicates that relator has been denied good time credit that has been granted to similarly situated inmates.
 {¶ 12} Therefore, we adopt the magistrate's decision, as modified as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, respondent's motion to dismiss is granted and relator's complaint is dismissed.
Objections overruled; respondent's motion to dismiss granted;and complaint dismissed.
Petree and French, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Sell Jefferson, :
Relator, :
v. : No. 05AP-520
Reginald Wilkinson, Director, Ohio : (REGULAR CALENDAR) Department of Rehabilitation and [Correction], :
Respondent. :
 MAGISTRATE'S DECISION Rendered on January 31, 2006 Sell Jefferson, pro se.
Jim Petro, Attorney General, and Bruce D. Horrigan, for respondent.
 IN MANDAMUS ON MOTION TO DISMISS {¶ 13} In this original action, relator, Sell Jefferson, requests a writ of mandamus ordering respondent Director of the Ohio Department of Rehabilitation and Correction to credit the sentence he is now serving for aggravated murder with the time he served on a related conviction for aggravated robbery.
Findings of Fact:
 {¶ 14} 1. On May 25, 2005, relator, an inmate of the Marion Correctional Institution, filed this mandamus action.
 {¶ 15} 2. According to the complaint, relator was convicted in 1975 of aggravated robbery and aggravated murder.
 {¶ 16} 3. According to the complaint, upon being transported to prison in August 1975, the Cuyahoga County Sheriff's Department failed to deliver the sentencing entry for the aggravated murder conviction.
 {¶ 17} 4. According to the complaint, relator was released on parole in January 1981, and subsequently granted a final release on the aggravated robbery conviction in February 1982.
 {¶ 18} 5. According to the complaint, in January 1985, he was arrested and transported back to prison to serve his sentence for aggravated murder.
 {¶ 19} 6. According to the complaint, the Cuyahoga County Court of Common Pleas had not ordered the two sentences be served consecutively and, thus, he is allegedly entitled to have his sentence for aggravated murder credited with the time he served on the aggravated robbery.
 {¶ 20} 7. According to the complaint, respondent has unlawfully refused to credit his sentence for aggravated murder with the time he served for aggravated robbery. According to the complaint, respondent's refusal to credit his sentence has unlawfully effected his parole eligibility.
 {¶ 21} 8. On June 27, 2005, respondent filed a motion to dismiss.
 {¶ 22} 9. Relator opposes the motion.
Conclusions of Law:
 {¶ 23} It is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.
 {¶ 24} As respondent correctly claims, this action is barred by the doctrines of collateral estoppel and res judicata.
 {¶ 25} As indicated in Jefferson v. Morris (1988),48 Ohio App.3d 81 ("Jefferson I"), relator filed a habeas corpus action in the Scioto County Court of Common Pleas alleging a factual scenario similar to the one alleged in this action. In JeffersonI, the Fourth District Court of Appeals affirmed the judgment of the common pleas court denying relator's request for a writ of habeas corpus.
 {¶ 26} In State ex rel. Jefferson v. Ohio Adult ParoleAuth. (1999), 86 Ohio St.3d 304 ("Jefferson II"), the Supreme Court of Ohio affirmed the judgment of this court. In that decision, the court states, at 305:
* * * [T]he issue Jefferson raises here has been previously adjudicated in his court of appeals habeas corpus action, and consequently, the collateral estoppel aspect of res judicata
bars Jefferson from relitigating the issue in this action. * * *
(Emphasis sic.)
 {¶ 27} Based upon the above authorities, it is clear that this action is barred by the collateral estoppel aspect of res judicata.
 {¶ 28} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.