**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jefferson v. Bunting,* **Slip Opinion No. 2016-Ohio-614.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-614

JEFFERSON, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jefferson v. Bunting,* Slip Opinion No. 2016-Ohio-614.]**

*Habeas corpus—Claim barred by res judicata—Judgment dismissing petition for writ affirmed.*

(No. 2015-0175—Submitted November 17, 2015—Decided February 23, 2016.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-26.

————————————

**Per Curiam.**

{¶ 1} Appellant, Sell Jefferson, pro se, appeals from the judgment of the Third District Court of Appeals granting summary judgment to appellee, Jason Bunting, and dismissing Jefferson's petition for a writ of habeas corpus. For the reason set forth below, we affirm.

{¶ 2} Jefferson is presently serving a life sentence at the Marion Correctional Institution on a 1975 Cuyahoga County conviction for aggravated murder. Bunting is the warden of that institution. On May 7, 2013, Jefferson filed

a petition for a writ of habeas corpus, arguing that he remained in prison solely under an order that the trial court lacked jurisdiction to issue. He asked the court of appeals to order his immediate release.

{¶ 3} The court of appeals granted Bunting's motion to dismiss the case on grounds of res judicata. Jefferson appealed. Because the appellate court had relied on documents outside the pleadings, we remanded the case for the court to convert the motion to dismiss into a motion for summary judgment and to provide Jefferson with notice and an opportunity to respond. *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036.

{¶ 4} On remand, the court of appeals again dismissed the petition, granting summary judgment to Bunting. Jefferson appealed.

{¶ 5} When a petitioner has filed a previous habeas corpus action, the doctrine of res judicata prevents the petitioner from raising an issue in a successive habeas petition that the petitioner raised in the previous habeas action. *Hudlin v. Alexander*, 63 Ohio St.3d 153, 586 N.E.2d 86 (1992). The claim that Jefferson raises in this appeal was unsuccessfully raised in one of his prior petitions for habeas corpus. *See Jefferson v. Morris*, 48 Ohio App.3d 81, 548 N.E.2d 296 (4th Dist.1988). Therefore, the doctrine of res judicata bars his claim, and he is not entitled to habeas relief.

{¶ 6} In light of the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Sell Jefferson, pro se.

Michael DeWine, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellee.

January Term, 2016

_____