[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jefferson v. Russo,* Slip Opinion No. 2020-Ohio-338.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-338

THE STATE EX REL. JEFFERSON, APPELLANT, *v.* RUSSO, JUDGE,[1] APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Jefferson v. Russo,* Slip Opinion No. 2020-Ohio-338.]

*Habeas corpus—Res judicata—Inmate made same argument numerous times in prior actions—Court of appeals' grant of summary judgment affirmed.*

(No. 2019-0663—Submitted October 22, 2019—Decided February 5, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 108010, 2019-Ohio-2905.

_____

**Per Curiam.**

{¶ 1} Appellant, Sell Jefferson, appeals the judgment of the Eighth District Court of Appeals granting summary judgment to appellee, Judge Joseph D. Russo,

_____

1. In his complaint for a writ of mandamus, Jefferson named the "Current Successor to the Hon. George W. White" as the respondent. Judge Joseph D. Russo is the current successor to Judge White and was the respondent below.

and denying Jefferson a writ of mandamus. We affirm the court of appeals' judgment because Jefferson's claims are barred by res judicata.

## I. Background

*A. Jefferson's criminal history*

{¶ 2} In 1975, Jefferson was convicted in the Cuyahoga County Common Pleas Court of aggravated robbery and aggravated murder, with a specification for committing the aggravated murder during an aggravated robbery. The trial court sentenced Jefferson to a prison term of 7 to 25 years for the aggravated-robbery conviction and to life in prison for the aggravated-murder conviction. The court of appeals affirmed Jefferson's convictions and sentence. *State v. Jefferson*, 8th Dist. Cuyahoga No. 35485, 1977 WL 201160, *3 (Feb. 3, 1977).

{¶ 3} The Ohio Department of Rehabilitation and Correction was not notified of Jefferson's aggravated-murder conviction and life sentence. *State ex rel. Jefferson v. Russo*, 8th Dist. Cuyahoga No. 90682, 2008-Ohio-135, ¶ 1, fn. 1. As a result, the Adult Parole Authority mistakenly released Jefferson on parole in 1981 and granted him a final release in 1982.

{¶ 4} In 1985, Jefferson was indicted for felony counts of grand theft, tampering with records, possessing criminal tools, forgery, and uttering. At the state's request, the trial court issued a capias for Jefferson's arrest in both his 1975 and 1985 cases. In November 1985, Jefferson was convicted on the new charges and sentenced to an aggregate prison term of 7 to 15 years to be served concurrently with his 1975 life sentence. The trial court also ordered the clerk of courts to forward Jefferson's 1975 sentencing entry to the appropriate correctional institution. Since then, Jefferson has unsuccessfully raised numerous challenges to the trial court's authority to order him back to prison on the 1975 aggravated-murder life sentence.

*B. Mandamus proceedings*

**{¶ 5}** On December 20, 2018, Jefferson filed a complaint for a writ of mandamus in the Eighth District Court of Appeals seeking to compel Judge Russo to hold a hearing on the capias issued in 1985 for the 1975 case. In his complaint, Jefferson argued that his arrest and reincarceration in the 1975 case violated his right to due process under the state and federal constitutions.

**{¶ 6}** Judge Russo filed a motion for summary judgment, which the court of appeals granted. The court concluded that the claims in Jefferson's complaint for a writ of mandamus were barred by res judicata. 2019-Ohio-2905, ¶ 1, 10-12.

## II. Legal Analysis

**{¶ 7}** "Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C). We review a decision granting summary judgment de novo. *Id.*

**{¶ 8}** To be entitled to a writ of mandamus, Jefferson must demonstrate (1) a clear legal right to the requested relief, (2) a corresponding legal duty on the part of Judge Russo to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24.

**{¶ 9}** In his sole proposition of law, Jefferson contends that the court of appeals erred when it held that his claims are barred by res judicata. Res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Issue preclusion

prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.

*Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994).

{¶ 10} Here, the court of appeals correctly observed that Jefferson has made the same argument numerous times in prior actions. 2019-Ohio-2905 at ¶ 13-14, citing *State ex rel. Jefferson v. Ohio Adult Parole Auth.*, 86 Ohio St.3d 304, 305, 714 N.E.2d 926 (1999) (holding that issues adjudicated in prior habeas corpus actions are barred by res judicata), and *Jefferson v. Morris*, 48 Ohio App.3d 81, 82, 548 N.E.2d 296 (4th Dist.1988) (rejecting Jefferson's argument that his 1982 final release from parole rendered the trial court without jurisdiction to "issue process for re-confinement"); *Jefferson v. Bunting*, 146 Ohio St.3d 340, 2016-Ohio-614, 56 N.E.3d 935, ¶ 5 (denying writ of habeas corpus because Jefferson "unsuccessfully raised [his challenge to the trial court's authority to reconfine him] in one of his prior petitions for habeas corpus").

{¶ 11} Moreover, in 2016, Jefferson filed in the trial court a motion to vacate a void judgment, arguing that the trial court lacked jurisdiction to issue the 1985 capias and order that he be reincarcerated on the life sentence imposed in 1975. *Id.* at ¶ 10-12. The trial court's judgment denying the motion was a final, appealable order. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9. Thus, Jefferson had an adequate remedy in the ordinary course of the law. *See State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 2 (affirming grant of summary judgment

because mandamus is not available when an appellant had an adequate remedy at law by way of appeal of the denial of his motion to vacate his sentence). The availability of an appeal is an adequate remedy even if the relator—like Jefferson— fails to pursue it or is unsuccessful. *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

{¶ 12} Jefferson also maintains that the court of appeals erred when it relied on court dockets and entries from his prior actions as evidence of his prior litigation because that evidence is not specifically listed in Civ.R. 56.

{¶ 13} Because granting summary judgment under Civ.R. 56(C) terminates litigation without a trial on the merits, "[t]he requirements of the rule must be strictly enforced." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992). Civ.R. 56(C) sets forth the types of evidence that may be considered in granting a motion for summary judgment—namely, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact."

{¶ 14} When deciding a summary-judgment motion, it is generally error for a court to rely on other types of evidence that have not been authenticated by way of an attached affidavit. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 97, 647 N.E.2d 788 (1995); *Rogoff v. King*, 91 Ohio App.3d 438, 446, 632 N.E.2d 977 (8th Dist.1993) ("The proper procedure for the introduction of evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate the material by reference into a properly framed affidavit"). However, a reviewing court "may consider evidence other than that listed in Civ.R. 56 when there is no objection." *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 301, 685 N.E.2d 1251 (1997). Although Judge Russo did not attach an affidavit in compliance with Civ.R. 56, because Jefferson failed to object, the court of appeals did not err in considering Judge Russo's evidence.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Sell Jefferson, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____