[Cite as *State v. Jefferson*, 2020-Ohio-3182.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108791 |
| v. | : | |
| SELL JEFFERSON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-74-017177-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Sell Jefferson, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Sell Jefferson, appearing pro se, appeals the trial court's denial of his "motion to vacate a void judgment sentence" stemming from the life sentence imposed for his 1975 aggravated murder conviction. The crux of this appeal consists of a challenge to the trial court's order returning Jefferson to prison

after he was erroneously released, a challenge previously rejected by several courts. As the Ohio Supreme Court recently observed, "Jefferson has unsuccessfully raised numerous challenges to the trial court's authority to order him back to prison on the 1975 aggravated-murder life sentence." *State ex rel. Jefferson v. Russo*, Slip Opinion No. 2020-Ohio-338, ¶ 4. We affirm.

{¶ 2} Jefferson assigns one error:

> The trial court erred, or abused its discretion when it denied the Appellant's motion to vacate, claiming the court lacked jurisdiction to issue a capias and return the appellant back to prison that included violating the double jeopardy clause in the United States Constitution.

**Factual Background and Procedural History**

{¶ 3} In 1975, Jefferson was convicted of aggravated robbery and aggravated murder. *Id.* at ¶ 2. For aggravated robbery, the trial court sentenced Jefferson to a prison term of 7 to 25 years and for aggravated murder the court sentenced him to life in prison. *Id.* This court affirmed Jefferson's convictions and sentence. *Id.* For some reason, the Ohio Department of Rehabilitation and Correction was not notified of Jefferson's aggravated murder conviction and life sentence and, in 1981, it erroneously placed Jefferson on parole before granting him final release in 1982. *Id.* at ¶ 3.

{¶ 4} In 1985, Jefferson was indicted on new charges. *Id.* at ¶ 4. The trial court issued a capias for his arrest in both the 1975 and 1985 cases. *Id.* Jefferson was convicted on the new charges and sentenced to an aggregate term of 7 to 15 years

in prison. *Id.* The trial court ordered this sentence to run concurrent with his 1975 life sentence. *Id.*

{¶ 5} In 1988, Jefferson sought a writ of habeas corpus, arguing that his 1982 discharge from parole rendered the trial court without jurisdiction to order him back to prison to serve his life sentence. *Id.* The Fourth District Court of Appeals rejected this argument and, in doing so, found that Jefferson's parole was void. *Jefferson v. Morris*, 48 Ohio App.3d 81, 548 N.E.2d 296 (4th Dist.1988). The court observed that "[e]ven though appellant was recommitted to serve his sentence by a subsequent order of the trial court, he is being held under the original judgment and sentence * * *." *Id.* at 82. The court further noted that it was not statutorily possible for Jefferson to have been granted parole in 1981:

> A prisoner serving a sentence for life for the offense of aggravated murder, which sentence was imposed for an offense committed prior to October 19, 1981, becomes eligible for parole after serving a term of fifteen full years. R.C. 2967.13(B). Manifestly, appellant was not eligible for parole and the Adult Parole Authority was without authority to parole appellant since by his own admission appellant had served only about five years of his life sentence.

*Id.* at 83.

{¶ 6} In 2016, Jefferson filed the instant motion and the trial court denied it. Jefferson failed to timely appeal and a motion for delayed appeal was granted.

{¶ 7} In 2018, Jefferson sought a writ of mandamus in this court, seeking to compel the trial court to hold a hearing on the trial court's 1985 capias issued for his 1975 case, arguing that this arrest and subsequent reincarceration violated his due process rights. *Jefferson v. Current Successor*, 8th Dist. Cuyahoga No. 108010,

2019-Ohio-2905. This court granted the trial court's motion for summary judgment, concluding that Jefferson's claim was barred by res judicata. *Id.* at ¶ 6. We noted that Jefferson's claimed basis for relief was the same basis he asserted in his 2016 motion which the trial court denied and which, at that time, he had not yet appealed. *Id.* at ¶ 4.

{¶ 8} In that case we observed that following the Fourth District's determination, that the Ohio Supreme Court resolved that the trial court's return of Jefferson to prison following his erroneous release had been litigated to its conclusion and that, therefore, the collateral estoppel branch of res judicata barred any further action based on this issue. *Id.* at ¶ 14-15 (rejecting Jefferson's reasserted claim that "his continued incarceration is invalid" based on "the order of release from parole").

**Law and Analysis**

{¶ 9} "A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, Slip Opinion No. 2020-Ohio-2913 ¶ 42.

{¶ 10} Jefferson concedes that "[i]n this case the trial courts [sic] sentencing order was valid." He has advanced no claim that his life sentence was not statutorily authorized or that the trial court did not have the authority to impose it.

{¶ 11} Instead, as previously discussed, he challenges the subsequent court order returning him to prison after he was erroneously released. As such, Jefferson's claim that his sentence is void is merely a veneer. Jefferson's 1985 capias and

subsequent return to prison are not germane to a determination of whether his 1975 life sentence is void. This motion is nothing but a vehicle for him to relitigate an issue that several courts have already decided against him. Jefferson's sentence is not void. The trial court committed no error denying the motion.

{¶ 12} Alternatively, as discussed, Jefferson's claim is barred by the issue preclusion branch of res judicata.

> Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.

{¶ 13} *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969), paragraph two of the syllabus. Multiple courts have determined that res judicata bars Jefferson's continued attempts to litigate this issue. *See, e.g., State ex rel. Jefferson v. Russo*, Slip Opinion No. 2020-Ohio-338 at ¶ 9-10.

{¶ 14} Beyond the cases previously discussed, we note that Jefferson has elsewhere challenged his return to prison following his erroneous release.[1]

---

[1] *See, e.g., State ex rel. Jefferson v. McMonagle*, 8th Dist. Cuyahoga No. 75891, 1999 Ohio App. LEXIS 1071 (Mar. 18, 1999); *State ex rel. Jefferson v. Ohio Adult Parole Auth.*, 86 Ohio St.3d 304, 1999-Ohio-163, 714 N.E.2d 926; *State ex rel. Jefferson v. Wilkinson*, 10th Dist. Franklin No. 05AP-520, 2006-Ohio-5946; *State ex rel. Jefferson v. Russo*, 8th Dist. Cuyahoga No. 90682, 2008-Ohio-135; *Jefferson v. Bunting*, 146 Ohio St.3d 340, 2016-Ohio-614, 56 N.E.3d 935; *State ex rel. Jefferson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-366, 2019-Ohio-4025, ¶ 6.

{¶ 15} Loc.R. 23(A) of the Eighth District Court of Appeals provides that "[a]n appeal, original action, or motion shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." This appeal is frivolous. Moreover, Jefferson's continued attempts to relitigate the order returning him to prison following his erroneous release unnecessarily wastes court resources.

{¶ 16} Where a party "habitually, persistently, and without reasonable cause" engages in such frivolous conduct, Loc.R. 23(B) empowers this court to declare the party to be a vexatious litigator and impose filing restrictions. We declare Jefferson a vexatious litigator. *See* Loc.R. 23(C) ("Any party that has been declared a vexatious litigator * * * must seek leave of court to proceed with any appeal or original action that is filed in the Eighth District Court of Appeals.").

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR