[Cite as *Miller v. State*, 2016-Ohio-4623.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JERRY MILLER | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15CA96 |
| | : | |
| STATE OF OHIO, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court
                              of Common Pleas, Case No. 15-CV-
                              809D

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       June 20, 2016

APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

JERRY MILLER, PRO SE                    OHIO ATTORNEY GENERAL
Prisoner No. 487-391                    M. DEWINE
P.O. Box 8107                           C. NESTLEROTH
Mansfield, OH 44901                     150 East Gay St., 16th Floor
                                        Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-appellant Jerry Miller appeals from the October 19, 2015 Order Denying Plaintiff's Motion for Summary Judgment and Entering Judgment for Defendant of the Richland County Court of Common Pleas. Appellee is the State of Ohio and did not appear in the instant appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2} The record of this case consists of the trial court file. This case arose upon appellant's filing of a complaint for declaratory judgment on June 22, 2015 against appellee ex rel. the Warden of the Mansfield Correctional Institution and the director of the Bureau of Sentence Computation of the Department of Rehabilitation and Corrections. Appellant's complaint requested the trial court to "declare [appellant's] proper computation of three different sentencing entries, and expiration of sentence proper date…" Appellee answered on August 6, 2015.

{¶3} Appellant filed a motion for partial summary judgment on August 13, 2015; appellee did not respond. On October 19, 2015, the trial court denied appellant's motion for partial summary judgment and entered judgment for appellee. The following facts are adduced from affidavits and exhibits filed by appellant.

{¶4} We note this case arises largely from an Affidavit dated January 22, 2008, of Melissa Adams, Assistant Chief of the Bureau of Sentence Computation of the Ohio Department of Rehabilitation and Correction, concluding that appellant's maximum prison release date is July 14, 2049. This affidavit takes into account the extensive criminal history described infra.

{¶5} On October 20, 1966, appellant was convicted upon trial by jury of armed robbery and "shooting with the intent to kill" in Montgomery County. He was sentenced to an indefinite aggregate prison term of 11 to 45 years and received credit for 87 days served. His original maximum sentence date was July 15, 2011.

{¶6} On August 17, 1976, appellant was placed on parole but was declared a violator at large on June 6, 1977. He was assessed 7 years and 16 days lost time for the period spent at large, changing his maximum sentence date to July 29, 2018.

{¶7} In April 1977, appellant was charged by federal indictment with armed robbery of a federal savings and loan association; he entered a plea of guilty to the offense and was sentenced to a prison term of 21 years.

{¶8} Appellant was paroled from federal custody on June 14, 1984.

{¶9} On October 12, 1984, the Home State Savings Bank in Huber Heights, Montgomery County was robbed. Appellant was indicted in Montgomery County for this robbery and felonious assault, along with two firearms specifications, on November 6, 1984. Appellant was in federal custody at the time of indictment.

{¶10} On May 10, 1985, appellant was convicted of bank robbery in federal court and sentenced to a prison term of 25 years.

{¶11} On May 13, 1985, appellant attempted to escape federal custody by taking a man hostage. On October 4, 1985, appellant was federally convicted upon the escape attempt and received a consecutive term of 15 years to the 25-year term already imposed.

{¶12} On April 10, 1986, appellant was convicted in Hamilton County, Ohio for aggravated robbery with a firearm specification. He was sentenced to a term of 10-25

years to run concurrent to the federal case and "any future case" in Montgomery County; the three-year term on the firearm specification was consecutive to all other terms.

{¶13} On July 17, 1986, appellant was convicted of aggravated robbery with a firearm specification in Montgomery County, Ohio. He was sentenced to a term of 15-25 years to run consecutively to the federal case. He was sentenced to three years on the firearm specification to run consecutive to all other terms. The judgment entry of this sentence was silent as to whether the term is consecutive to or concurrent with the Hamilton County term.

{¶14} On January 12, 2005, appellant was paroled from federal custody.

{¶15} On January 21, 2005, appellant was delivered into custody of the state of Ohio.

{¶16} On November 22, 2005, appellant's parole in the 1966 case was revoked.

{¶17} Appellee Bureau of Sentence Computation of the Department of Rehabilitation and Corrections reviewed the sentencing entries and determined appellant was to serve 6 years on the two firearm specifications which were ordered to run consecutive to any other term imposed. Appellant's indefinite minimum sentence was listed as 15 years and his maximum sentence date is July 14, 2049 [25 years from the first 1966 case, plus 25 years from the Montgomery County case, plus six years upon firearm specifications]. Appellant's first parole hearing is set for April 2018.

{¶18} Appellant appealed from the Montgomery County conviction but did not appeal his sentence in any of the other cases.

{¶19} Appellant filed a declaratory judgment action in Richland County because he is incarcerated in Richland County. His Complaint asks the trial court to "declare [his]

proper computation of three different sentencing entries and proper parole eligibility date and expiration of sentence proper date…" (*sic*) and arguing the computation of his sentence is improper. Appellant also filed an affidavit pursuant to R.C. 2969.25(A) listing a number of suits he has instituted within the last five years.

{¶20} Appellant appeals from the trial court's Order Denying Plaintiff's Motion for Summary Judgment and Entering Judgment for Defendant of October 19, 2015.

{¶21} Appellant raises seven assignments of error which we will summarize as follows:

**ASSIGNMENTS OF ERROR**

{¶22} "I. THE TRIAL COURT ERRED WHILE ABUSING DISCRETION BY DISMISSING APPELLANT'S DECLARATORY JUDGMENT COMPLAINT WHEN THE COURT IGNORED THE PLAIN ALLEGATIONS AND REQUESTS FOUND IN THE COMPLAINT, PARTIAL SUMMARY JUDGMENT MOTION REQUESTS WITH MEMORANDUM AND AFFIDAVIT IN ALSO SUPPORT, WHERE A REAL CONTROVERSY EXISTED BETWEEN THE PARTIES CONCERNING APPELLANT'S PLEA AGREEMENT CONTRACT WITH THE STATE OF OHIO ENTERED 4/10/86 THAT MANDATES CONCURRENT SENTENCING SCHEME APPLICATION WHEN COMPUTING ENTRY WITH ANY FUTURE MONTGOMERY COUNTY OHIO SENTENCE AND OR WITH ANY PAST OHIO STATE MONTGOMERY COUNTY SENTENCES AND WHILE COMPUTING WITH ANY AND ALL U.S. DISTRICT COURT SENTENCES, INVOLVED IN THE RECORD, WHEN THE COURT CLAIMED 4/10/86 COURT DIDN'T HAVE AUTHORITY TO SANCTION THE PLEA CONTRACTUAL AGREEMENT (DEAL), THE STATE AND APPELLANT ENTERED, WHILE THE COURT

ACKNOWLEDGED THE COURT DID IN FACT SANCTION THE 4/10/86 CONCURRENT SENTENCING SCHEME." (*sic throughout)*

{¶23} [II. THE TRIAL COURT ERRED IN FAILING TO FIND THE STATE OF OHIO IS BOUND BY THE 4/10/86 PLEA AGREEMENT.]

{¶24} [III. – VII.  THE TRIAL COURT ERRED IN FAILING TO FIND ALL OF APPELLANT'S SENTENCES ARE REQUIRED TO BE SERVED CONCURRENTLY PURSUANT TO THE TERMS OF THE 4/10/86 PLEA AGREEMENT.]

**ANALYSIS**

I. – VII.

{¶25} In his seven related assignments of error, appellant argues the trial court erred in denying his motion for summary judgment and in granting summary judgment for appellee.  We disagree.

{¶26} Initially we note appellant's brief does not comply with App.R.16 (A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶27} Although we realize appellant is acting pro se, he is nevertheless bound by the same rules and procedures as litigants who retain counsel. *Meyers v. First National Bank of Cincinnati,* 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

{¶28} We have attempted to discern appellant's arguments but are constrained by the incoherence of his brief and of his arguments before the trial court. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon,* 4th Dist. Lawrence No. 08CA17, 2009–Ohio–3299, at ¶ 14, citing *State v. Carman,* 8th Dist. Cuyahoga No. 90512, 2008–Ohio–4368, at ¶ 31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell,* 9th Dist. Summit No. 24184, 2009–Ohio–1211, at ¶ 16, *quoting Kremer v. Cox,* 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.,* 4th Dist. Gallia No. 07CA4, 2008–Ohio–2194, at ¶ 12. See, also, App.R. 16(A)(7); App.R. 12(A)(2); *State v. Norman,* 5th Dist. Guernsey No.2010–CA–22, 2011–Ohio–596, ¶ 29; *State v. Untied,* 5th Dist. Muskingum No. CT20060005, 2007 WL 1122731, ¶ 141.

{¶29} Appellant's brief is devoid of any specific, intelligible reference to the record or citations to legal authority in support of his argument. The record, such as it is, consists solely of documents appellant presented to the trial court. Consequently, we may disregard arguments if an appellant fails to identify the relevant portions of the record upon which he bases his argument. *State v. Gulley*, 5th Dist. Stark No. 2006CA00114, 2008-Ohio-887, ¶ 12, citing App.R. 12(A)(2); Loc.R. 9(A)(1) and (2).

{¶30} According to App. R. 12(A)(2), "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley,* 35 Ohio St.3d 157, 159, 519 N.E.2d 390, (1988); *Abon, Ltd. v. Transcontinental Ins. Co.,* 5th Dist. Richland No. 2004–CA–0029, 2005-Ohio-3052, ¶ 100; *State v. Miller,* 5th Dist. Ashland No. 04–COA–003, 2004–Ohio–4636, ¶ 41. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & Ohio Rd. Co.,* 127 Ohio St. 351, 356, 188 N.E. 553 (1933).

{¶31} In the instant case, appellant has failed to provide any coherent explanation why his sentences should be revisited.  See, *In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588, ¶ 15.  We emphasize it is not the duty of an Ohio appellate court to create arguments for the parties and search the record for evidence to support them. *State v. Trammell*, 5th Dist. Stark No. 2015 CA 00151, 2016-Ohio-1317, ¶ 15, citing *Sisson v. Ohio Department of Human Services,* 9th Dist. Medina No. 2949–M, unreported, 2000 WL 422396 (Apr.19, 2000).

{¶32} Although we have difficulties understanding the errors appellant alleges, appellate courts "typically afford considerable leeway to pro se litigants." *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶ 5 (4th Dist.).  We will thus address appellant's arguments to the best of our ability.

{¶33} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), citing *Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶34} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶35} Appellant's Civ.R. 56 evidence before the trial court consisted of a 1966 judgment entry entered in the Montgomery County Court of Common Pleas in case no. 26257; a 1997 letter from appellant addressed to the State of Ohio Adult Parole Authority; a 1986 sentencing entry from the Hamilton County Court of Common Pleas in case no. B850189; a "Termination Entry" dated July 17, 1986 in case no. 84-CR-1853; a motion to dismiss filed by appellee in the Hamilton County Court of Common Pleas in case no. A

0706646; and the Adams affidavit described supra. Appellant's filings also included correspondence from the Ohio Department of Rehabilitation and Corrections and the Ohio Adult Parole Authority.

{¶36} Appellant's purpose in challenging his sentences would have been better-served by direct appeal. In general, "the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry." *Bell v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 10AP-920, 2011-Ohio-6559, ¶ 18, citing *State v. Mason,* 7th Dist. Columbiana No. 10 CO 20, 2011–Ohio–3167, ¶ 13, and *State v. Parsons,* 10th Dist. Franklin No. 03AP1176, 2005–Ohio–457, at ¶ 7–8. We are unable to ascertain that the record includes sufficient documentation of appellant's convictions and sentences to provide the declaratory relief appellant sought in the trial court. Pursuant to Ohio Adm.Code 5120–2–04(H), "[a] party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or sheriff." Further, "[u]nless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, no change will be made." Id.

{¶37} The decision to grant declaratory relief is a matter within the sound discretion of the trial court. *State v. Brooks*, 133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999), citing *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 185, 530 N.E.2d 928 (10th Dist.1987). We will not reverse the trial court's dismissal of appellant's complaint for declaratory relief unless the trial court abused its discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the

court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶38} In order to maintain an action for declaratory judgment, a party must demonstrate that a real controversy exists between the parties, that the controversy is justiciable in character, and that speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973). "A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy." *Reinbolt v. National Fire Ins. Co. of Hartford,* 158 Ohio App.3d 453, 2004-Ohio-4845, 816 N.E.2d 1083, ¶ 13 (6th Dist.), citing *Fioresi v. State Farm Mut. Auto. Ins. Co.*, 26 Ohio App.3d 203, 499 N.E.2d 5 (1st Dist.1985), syllabus.  In this case, the trial court effectively ruled appellant is not entitled to declaratory judgment.

{¶39} The Ohio Supreme Court has recognized that: "The effect of a dismissal of a declaratory judgment action without making a declaration of the parties' rights is a determination that the plaintiff in the declaratory judgment action has no right to a declaratory judgment." *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129, 133, 464 N.E.2d 525 (1984).

{¶40} In his complaint, appellant challenges a number of sentences from a number of courts, sentences which he failed to appeal from. A litigant may not use a declaratory judgment as a method of appellate review. *Brooks,* supra, 133 Ohio App.3d at 525, citing *Tootle v. Wood*, 40 Ohio App.2d 576, 577, 321 N.E.2d 623 (4th Dist.1974).

{¶41} A declaratory judgment action is not a part of the criminal appellate process. *Brooks,* supra at 525, citing *Carter v. Walters*, 3rd Dist. Paulding No. 11-88-24,

unreported, 1990 WL 35414 (Mar. 22, 1990). See, also, *State v. Stewart*, 2nd Dist. Greene No. 98-CA-116, unreported, 1999 WL 55718 (Feb. 5, 1999); *Richard v. Jones*, 8th Dist. Cuyahoga No. 64769, unreported, 1994 WL 66243 (Mar. 3, 1994). Appellant's proper course of action was either a direct appeal or a petition for post-conviction relief. *O'Donnell v. State*, 4th Dist. Scioto No. 05CA3022, 2006-Ohio-2696, ¶ 14.

{¶42} Appellant's complaint for declaratory relief fails under the circumstances herein.  A litigant may not use a declaratory judgment as a method of appellate review. *O'Donnell v. State,* 4th Dist. Scioto No. 05CA3022, 2006-Ohio-2696, at ¶ 12, citing *State v. Brooks,* 133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999) and *Tootle v. Wood*, 40 Ohio App.2d 576, 577, 321 N.E.2d 623 (4th Dist.1974).  In *Tootle* and *Brooks* the Fourth District recognized: "An action under declaratory judgment acts will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. * * * [A] party who acquiesced in the procurement of such [prior] judgment cannot procure a declaratory judgment which would in effect disregard the prior judgment as being void. * * * " *O'Donnell,* supra, 2006-Ohio-2696 at ¶ 13, citing 26 Corpus Juris Secundum 93-94, Declaratory Judgments, Section 23.

{¶43} "A declaratory judgment action * * * cannot be used as a substitute for an appeal or as a collateral attack upon a conviction.  Declaratory relief 'does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal * * *.'" *Moore v. Mason,* 8th Dist. Cuyahoga No. 84821, 2004-

Ohio-1188, at ¶ 14-16, citing *Shannon v. Sequeechi*, 365 F.2d 827, 829 (C.A.10, 1966). A declaratory judgment action is simply not part of the criminal appellate process. *Brooks, supra,* 133 Ohio App.3d at 525. "Neither [R.C. 2701.02] nor Civ.R. 57 convert[s] a claimed error at law by a trial judge acting as a judge in a criminal case into a justiciable controversy between the defendant and the judge subject to resolution by declaration * * *." Id*.,* quoting *Carter v. Walters*, 3rd Dist. Paulding No. 11-88-24, unreported, 1990 WL 35410 (Mar. 22, 1990).

{¶44} The instant declaratory judgment action is an attempt to collaterally attack his sentences but appellant does not present a justiciable controversy capable of resolution by declaratory relief. We therefore hold the trial court did not abuse its discretion in dismissing appellant's complaint for declaratory judgment. See*, Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶ 47.

{¶45} The trial court did not err in granting summary judgment on behalf of appellee and in denying summary judgment on behalf of appellant. Appellant's seven assignments of error are overruled.

**CONCLUSION**

{¶46} Appellant's seven assignments of error are overruled and the judgment of

the Richland County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.