[Cite as *State ex rel. Miller v. Bradshaw*, 2016-Ohio-5033.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL., | : | JUDGES: |
| JERRY MILLER | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Petitioner | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| MARGARET A. BRADSHAW, | : | Case No. 15CA110 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Habeas Corpus

JUDGMENT:                                      Dismissed

DATE OF JUDGMENT:                        July 18, 2016

APPEARANCES:

For Petitioner                                    For Respondent

JERRY MILLER, Pros Se                   MICHAEL DeWINE
Inmate No. a487-391                         Attorney General of Ohio
Richland Correctinal Institution          By: JERRI L. FOSNAUGHT
P. O. Box 8107                                 Assistant Attorney General
Mansfield, OH 44901                         150 East Gay Street, 16th Floor
                                                        Columbus, OH 43215

*Farmer, J.*

{¶1}   Jerry Miller has filed a Petition for Writ of Habeas Corpus alleging he is entitled to immediate release from prison because his sentences have expired. Respondent has filed a Motion to Dismiss for failure to state a claim upon which relief may be granted.  Both parties have also filed other dispositive motions which are denied based upon our resolution in this case.

{¶2}   Petitioner argues we should deny the motion to dismiss because the motion was untimely filed.  Even if we disregard the motion filed by Respondent, this Court can sua sponte dismiss for failure to state a claim upon which relief may be granted.  "[S]ua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Thompson v. Spon,* 83 Ohio St.3d 551, 553, 1998–Ohio–298; *State ex rel. Bruggeman v. Ingraham,* 87 Ohio St.3d 230, 231, 1999–Ohio–27.

{¶3}   This is Petitioner's third habeas corpus petition filed since he was incarcerated in 2005.  In the first two petitions, arguments similar to those in the instant petition were raised asserting Petitioner's sentences had expired for various reasons.

{¶4}   The Supreme Court has held, "When a petitioner has filed a previous habeas corpus action, the doctrine of res judicata prevents the petitioner from raising an issue in a successive habeas petition that the petitioner raised in the previous habeas action. *Hudlin v. Alexander,* 63 Ohio St.3d 153, 586 N.E.2d 86 (1992)."  *Jefferson v. Bunting*, 2016-Ohio-614, ¶ 5 (Ohio).

{¶5}   Petitioner has raised the same or similar claims in the two prior petitions. Petitioner could have raised in the prior petition(s), and did at least to some degree, the same claims raised in the instant petition.   Therefore, the claims raised in the petition before us are barred by the doctrine of res judicata.   For this reason, the petition is dismissed for failure to state a claim upon which relief may be granted.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/as 622