[Cite as *State v. Miller*, 2021-Ohio-232.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28545 |
| | : | |
| v. | : | Trial Court Case No. 1984-CR-1853 |
| | : | |
| JERRY MILLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JERRY MILLER, #A487-391, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901
       Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Jerry Miller appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his pro se motion for de novo resentencing or to correct his sentence. For the following reasons, the trial court's judgment will be affirmed.

## Factual and Procedural Background

{¶ 2} Miller's criminal history involves multiple felonies committed in several jurisdictions. This case arises from the 1984 robbery of a bank in Huber Heights, of which Miller was convicted in 1986. Miller's motion for resentencing in this case stemmed from alleged confusion over whether his sentence was required to be served consecutively to or concurrently with his sentences in other cases.

{¶ 3} In October 1966, Miller was convicted in Montgomery County of armed robbery, for which he received a prison term of 10 to 25 years, and "shooting with intent to kill," for which he received a prison term of one to 20 years, to be served consecutively. *State v. Miller*, Montgomery C.P. No. 26257; *see* Defendant's 7/22/2014 Motion, Ex. #3. On August 17, 1976, Miller was placed on parole, but he was declared a violator at large on June 6, 1977. *See* Defendant's 9/15/2014 Reply Memo, Ex. 1 (Melissa Adams Aff., ¶ 3); *Miller v. State*, 5th Dist. Richland No. 15CA96, 2016-Ohio-4623, ¶ 6.

{¶ 4} In April 1977, Miller was indicted in an Ohio federal court with the armed robbery of a federal savings and loan association. Miller pled guilty to the offense, and on July 1, 1977, the federal court sentenced him to a prison term for 21 years. *Miller v. United States*, 709 F.2d 1505, 1983 U.S. App. LEXIS 13161 (6th Cir. Apr. 19, 1983); *see* State's 9/5/2014 Memo, Ex. #1. Miller was paroled from federal custody on June 14, 1984. *Miller*, 5th Dist. Richland No. 15CA96, 2016-Ohio-4623, at ¶ 8.

{¶ 5} On October 12, 1984, Miller robbed the Home State Savings Bank in Huber Heights and shot a bank teller. On November 6, 1984, Miller was indicted for the aggravated robbery of the bank and the felonious assault of the bank teller; each count contained a firearm specification and a prior aggravated felony specification. *State v. Miller*, Montgomery C.P. No. 1984-CR-1853. Miller was in federal custody at the time of the indictment.

{¶ 6} On May 10, 1985, a federal court in Kentucky sentenced Miller to 25 years in prison for bank robbery and endangering the lives of bank employees by using a dangerous weapon. *See United States v. Miller*, 793 F.2d 786, 787 (6th Cir.1986). Three days later, Miller attempted to escape federal custody by taking a person hostage. *See id.*; 7/9/1986 Tr. at 10-11. A jury subsequently found Miller guilty of attempting to escape federal detention and forcing a person to accompany him without consent. *Miller*, 793 F.2d at 788. On October 4, 1985, the federal court merged those two counts and sentenced Miller to 15 years of imprisonment, to be served "consecutive to any sentence he was then serving." *Id.* at 788-789.

{¶ 7} On April 10, 1986, Miller pled guilty in the Hamilton County Court of Common Pleas to aggravated robbery with two specifications. *State v. Miller*, Hamilton C.P. No. B 8500189. The Hamilton County court sentenced Miller to 10 to 25 years in prison, plus three years of actual incarceration on the firearm specification. The judgment entry further provided that, "[e]xcept for Three (3) years ACTUAL on Specification, the sentence of Ten (10) to Twenty-Five (25) years confinement required by Specification 1 will run concurrently with any sentence imposed by a U.S. District Court or a Federal Court and with any future sentence which may be imposed by a Common Pleas Court in

Montgomery County."   *See* Defendant's 7/22/2014 Motion, Ex. #2.

{¶ 8} On July 17, 1986, Miller was convicted in Montgomery County of aggravated robbery and felonious assault, both with specifications, related to the 1984 Huber Heights bank robbery*.   Miller*, Montgomery C.P. No. 1984-CR-1853.   The trial court imposed 15 to 25 years in prison for the aggravated robbery and 12 to 15 years for the felonious assault, to be served concurrently.   The court further imposed three years of actual incarceration for the firearm specification to be served prior to and consecutively to the sentences for aggravated robbery and felonious assault.   The court ordered that the sentences in the case be served "CONSECUTIVE with sentences imposed by the United States Federal Court."   *See* Defendant's 7/22/2014 Motion, Ex. #1.

{¶ 9} Miller appealed his conviction for the Huber Heights bank robbery.   We held that the trial court erred in sentencing Miller on two three-year firearm specifications and modified the sentence by "deleting" one of those sentences; we otherwise affirmed Miller's conviction.   *State v. Miller*, 2d Dist. Montgomery No. 10043, 1987 WL 12967 (June 18, 1987).

{¶ 10} Miller was released from federal custody on January 12, 2005 (*see* State's 6/20/2019 Memo., Ex. #4), and he was admitted to the Ohio Department of Rehabilitation and Correction (ODRC) for this case (Montgomery Case No. 1984-CR-1853) on January 21, 2005 (*see* 1/31/2005 Notice of Commitment).   The notice of commitment indicated that his calculated release/parole date was July 18, 2018.

{¶ 11} The ODRC calculated Miller's maximum indefinite sentence to be 70 years and his maximum sentence expiration date to be July 14, 2049.[1]   *See* State's 6/20/2019

_____

[1] Melissa Adams, Assistant Chief of the Bureau of Sentence Computation, explained the

Memo, Ex. #5.

{¶ 12} Since his incarceration in Ohio, Miller has sought clarification or correction of his 1986 judgment entry on several occasions. In 2007, Miller brought suit in Hamilton County, challenging the consecutive nature of certain sentences based on "contractual agreements" regarding his criminal sentences. *Miller v. State*, Hamilton C.P. No. A 0706646; *see* Defendant's 7/22/2014 Motion, Ex. #4. That suit was unsuccessful.

{¶ 13} On July 22, 2014, Miller filed a motion in the Montgomery Count trial court to "clarify, interpret [or] correct 7/17/86 judgement [sic] sentence entry." He asserted that his sentences in this case, his 1966 case, and his Hamilton County case were to be served concurrently, pursuant to a plea agreement with the Hamilton County prosecutor, and he claimed that his July 1986 judgment entry needed to be clarified to reflect this. Miller appeared to argue that, because the Hamilton County sentence was run concurrently with his federal sentences, his 1986 Montgomery County sentence was also required to be served concurrently with his federal sentences. On April 21, 2015, prior to a ruling on his July 22, 2014 motion, Miller filed a motion to "vacate and correct void and (or) voidable aspect of 7-17-86 judgement sentence consecutive entry." The trial court overruled the motions in May 2015 and denied a subsequent motion to "rescind" its decision. Miller did not appeal the trial court's decisions.

{¶ 14} Miller also filed suit in Richland County, where he was incarcerated, challenging the computation of his sentences and maximum release date. *See Miller*, 5th Dist. Richland No. 15CA96, 2016-Ohio-4623; *State ex rel. Miller v. Bradshaw*, 5th

calculation of this date in a January 22, 2008 affidavt. *See* Defendant's 9/15/2014 Reply Memo, Ex. 1.

Dist. Richland No. 15CA110, 2016-Ohio-5033 (addressing a third petition for a writ of habeas corpus on the ground that his sentences had expired); *State ex rel. Miller v. May*, 5th Dist. Richland No. 19 CA 56, 2019-Ohio-4065 (addressing a fourth petition for writ of habeas corpus due to expired sentences). In Case No. 15CA96, Miller raised on appeal that the Richland County trial court erred in failing to find that the State was bound by the April 10, 1986 plea agreement and in failing to find that all his sentences were required to be served concurrently. *Miller*, 5th Dist. Richland No. 15CA96, 2016-Ohio-4623. Miller's challenges in Richland County also were unsuccessful.

{¶ 15} On June 29, 2017, Miller filed a petition for a writ of mandamus in the Tenth District Court of Appeals, again arguing that the trial court improperly imposed consecutive sentences instead of concurrent sentences in his Ohio cases. *See Miller v. Ohio Bur. of Sentence Computation*, 10th Dist. Franklin No. 17AP456; *State ex rel. Miller v. Bower*, 156 Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, ¶ 7. The Tenth District dismissed the action, and the Ohio Supreme Court affirmed. *Id.*

{¶ 16} On June 7, 2019, Miller filed a motion for de novo sentencing or correction of sentence in the trial court in this case. Miller appeared to argue that, pursuant to R.C. 2929.41(A), the 1986 Montgomery County sentence was required to be served concurrently to all of his state and federal sentences. Miller cited to the rule of lenity and to *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, which held that the trial court did not have authority under R.C. 2929.41(B)(1) to order a misdemeanor jail sentence to be served consecutively to a felony prison sentence.

{¶ 17} The State responded to Miller's motion, noting that R.C. 2929.41 has been amended since Miller's 1986 conviction and that, in 1986, the statute allowed a sentence

of imprisonment to be served consecutively to another sentence of imprisonment "[w]hen the trial court specifies that it is to be served consecutively[.]" State's 6/20/2019 Memo, citing former R.C. 2929.41(B)(1), attached as Ex. #6. The State further argued that the cases cited by Miller were inapplicable to his case.

{¶ 18} On September 10, 2019, the trial court overruled Miller's motion for a de novo sentencing and to correct the judgment.

{¶ 19} Miller appeals from the trial court's ruling. His assignments of error raise that the trial court "rendered a consecutive sentence that was contrary to law" and that the trial court abused its discretion in imposing consecutive sentences, because the consecutive portion of his July 17, 1986 sentence "violat[ed] not only plea contract concurrent scheme, but violat[e]d the United States Due Process Clause and its Equal Protection component[.]"

{¶ 20} Miller's arguments on appeal concern the interplay between his July 1986 judgment in this Montgomery County case, which ordered that his sentence be served consecutively to his federal sentences, and his sentences in his two prior Ohio cases, i.e., his 1966 Montgomery County conviction and his 1986 Hamilton County conviction. Miller argues that, because the 1986 Montgomery County judgment entry was silent as to whether that sentence was to be served concurrently with or consecutively to his prior Ohio sentences, the prior state sentences were required to be served concurrently. As in the trial court, Miller argues that any other interpretation is contrary to R.C. 2929.41(A) and the rule of lenity.

{¶ 21} Miller's arguments are barred by res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on

any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Miller has previously challenged the calculation of his Ohio sentences, both in the trial court in this case and in other courts. Miller did not appeal the trial court's prior rulings related to the same issues. Miller cannot raise the same issues again in this appeal.

{¶ 22} Moreover, we find nothing in Miller's 1986 Montgomery County sentence that would render that sentence void and subject to resentencing. The Ohio Supreme Court has recently clarified that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42 (addressing the improper imposition of postrelease control); *see also State v. Henderson*, Ohio Slip Opinion No. 2020-Ohio-4784, __ N.E.3d __, ¶ 27. "Sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term." *Henderson* at ¶ 27.

{¶ 23} Miller was sentenced in Case No. 1984-CR-1853 for felony offenses committed in Huber Heights, Montgomery County. Miller has not claimed that the trial court lacked subject matter jurisdiction or personal jurisdiction over him, and the record supports that the trial court did. Miller's sentence was therefore voidable, and he was

required to challenge the validity of his sentence on direct appeal.   *See also State ex rel. Miller*, 156 Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, at ¶ 13 ("Miller could have argued on direct appeal that his sentences should be concurrent rather than consecutive.").

**{¶ 24}** Although Miller appeals from the denial of his motion for resentencing or to correct his sentence, the basis for his motion was his apparent disagreement with ODRC's determination as to whether his Ohio sentences run concurrently or consecutively.   A motion in this criminal case is not the proper avenue for challenging the ODRC's calculation of his sentence expiration date.   *See State v. Armstrong*, 2d Dist. Montgomery No. 27413, 2018-Ohio-191, ¶ 8; *State v. Johnson*, 2d Dist. Montgomery No. 28162, 2019-Ohio-1801, ¶ 6.

**{¶ 25}** Finally, in its appellate brief, the State asserts that Miller's July 1986 sentence was required to be served consecutively to his prior Ohio sentences, because Miller was on parole when he committed the Huber Heights robbery.   The State cites to R.C. 2929.41(B)(3) as it existed in July 1986, which provided that a sentence of imprisonment shall be served consecutively to another sentence of imprisonment "when it is imposed for a new felony committed by a probationer, parolee, or escapee[.]"

**{¶ 26}** Former R.C. 2929.41(B)(3) was repealed as part of Am.Sub.S.B. 2, which was effective on July 1, 1996.   However, it is well established that the provisions of Senate Bill 2 do not apply to persons who were sentenced prior to July 1, 1996.   *State ex rel. Maynard v. Corrigan*, 81 Ohio St.3d 332, 333, 691 N.E.2d 280 (1998).   In addition, the Ohio Supreme Court held that "the refusal of the General Assembly to retroactively apply the sentencing provisions of Am.Sub.S.B. No. 2 to persons convicted and

sentenced before July 1, 1996 does not violate appellants' rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution." *Id.*, citing *State ex rel. Lemmon v. Ohio Adult Parole Auth.*, 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349 (1997).

{¶ 27} The language of former R.C. 2929.41(B) suggests that Miller's arguments about the consecutive nature of his sentences may lack merit. As to Miller's arguments regarding the plea agreement, we further note that "[a] county prosecuting attorney does not have authority to enter into a plea agreement on behalf of the state for crimes committed wholly outside the county in which the prosecuting attorney has been elected." *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, syllabus.

{¶ 28} However, we need not reach the merits of Miller's arguments. As stated above, Miller's arguments are barred by res judicata, the trial court had no basis to resentence him, and this is not the proper forum to challenge the calculation of his maximum sentence.

{¶ 29} Miller's assignments of error are overruled.

{¶ 30} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light

Jerry Miller
Hon. Richard Skelton